# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARLO TOOMBS, ) <br> ) <br> Defendant. ) <br> ) | CRIMINAL ACTION <br><br> No. 10-20009-CM |

## MEMORANDUM AND ORDER

Following a jury trial in March 2008, defendant Marlo Toombs was convicted of the eight counts against him in Case No. 06-20057-CM-1. The Tenth Circuit Court of Appeals vacated defendant's convictions. *See United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009). On remand, and pursuant to 18 U.S.C. § 3162(a)(2), this court dismissed the indictment without prejudice. A Grand Jury returned another indictment against defendant on January 6, 2010, and the case proceeded to trial. On August 26, 2010, a jury returned a verdict of guilty on seven of the eight counts against defendant, including conspiracy to distribute and possession with the intent to distribute 50 grams or more of cocaine base, "crack." The jury acquitted defendant of Count 5, use of a firearm in relation to drug trafficking in violation of 18 U.S.C. § 924(c). By way of the Motion for a New Trial (Doc. 50) before the court, defendant seeks a third trial on the charges against him. For the reasons that follow, the court denies the motion.

## I. Judgment Standards

In considering a motion for new trial, the court has broad discretion that will not be disturbed on appeal absent plain abuse of that discretion. *United States v. Troutman*, 814 F.2d 1428, 1455

(10th Cir. 1987). The standards for granting a new trial are not as strict as the standards for granting judgment of acquittal. Federal Rule of Criminal Procedure 33 provides that a court may grant a new trial "if the interest of justice so requires." Additionally, any error which would require reversal on appeal is a sufficient basis for granting a new trial. *United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan. 2000) (quotation and citation omitted). The court should grant a motion for a new trial if, "after weighing the evidence and the credibility of the witnesses, the court determines that 'the verdict is contrary to the weight of the evidence such that a miscarriage of justice may have occurred.'" *United States v. Gabaldon*, 91 F.3d 91, 93–94 (10th Cir. 1996) (quoting *United States v. Evans*, 42 F.3d 586, 593 (10th Cir. 1994)). But courts disfavor new trials, *United States v. Gleeson*, 411 F.2d 1091, 1093 (10th Cir. 1969), and exercise great caution in granting them, *United States v. Sinclair*, 109 F.3d 1527, 1531 (10th Cir. 1997). The burden of proving that a new trial is warranted rests on defendant. *Walters*, 89 F. Supp. 2d at 1213 (citations omitted).

## II. Analysis

Defendant's motion raises a single argument: that this court erred in admitting his previous sworn trial testimony without making independent determinations of admissibility on particular challenged statements within that testimony. This issue was originally brought to the court's attention during trial on August 23, 2010, well into the government's case-in-chief. Out of the presence of the jury, the court heard defendant's objections to the proposed introduction of this testimony, and heard the government's arguments in support of its admission.[1] The court took a

---

[1] According to the court's recollection, defendant initially objected to the introduction of the testimony on the basis that he lacked notice; that admission would violate the Fifth Amendment; and that its probative value would be outweighed by the risk of undue prejudice under Rule 403. The court found that lack of notice did not provide a basis for excluding the evidence because the

(continued...)

recess to consider the arguments of the parties and the authority cited for their positions, and to conduct its own research. The court found the government's authority to be on point, and found defendant's authority to be distinguishable. The court determined that, based on *Harrison v. United States*, 392 U.S. 219 (1968); *Humphreys v. Gibson*, 261 F.3d 1016 (10th Cir. 2001); and *United States v. Hanrahan*, 508 F.3d 962, 967–69 (10th Cir. 2007), the previous testimony was admissible, and could come in in its entirety.[2] The court directed, though, that all references to the first trial be redacted, and cautioned the government against commenting on defendant's silence if in fact he chose not to testify at this trial.

On August 24, 2010, prior to the reading of the testimony into the record, the defendant reiterated and refined his objections to its admission. Specifically, defendant argued that certain portions of the testimony must be excluded because they (1) were not relevant; (2) were more prejudicial than probative; and/or (3) constituted improper Rule 404(b) evidence. Although the court acknowledged that defendant's position made general evidentiary sense, the court declined to revisit its prior ruling, and declined, based on its reading of the caselaw, to go through the prior sworn testimony and rule on new objections to particular statements.

It is upon these bases that the instant motion rests.[3] Defendant claims error in the court's

---

[1] (...continued)
government did not violate any obligation it had to inform the defendant of the specific evidence that would be offered at trial. Likewise, the court found that the privilege guaranteed by the Fifth Amendment was waived by defendant as to his prior testimony.

[2] The testimony offered and ultimately read into the record contained redactions of objections, rulings, bench conferences, and other extraneous material contained in the transcript.

[3] The instant motion does not raise notice as an issue, and does not appear to challenge the court's conclusion that the defendant's waiver of his privilege at the first trial applied to that testimony in its entirety. *See Harrison*, 392 U.S. at 222 (noting the "general evidentiary rule that a defendant's testimony at a former trial is admissible in evidence against him in later proceedings"
(continued...)

-3-

failure to determine whether there was an independent basis for the admissibility of specific challenged statements within the testimony.

**Requirement that Court Determine Independent Basis for Admissibility of Statements Contained in Admissible Testimony**

This was a significant issue for the court at trial. A long line of cases support the proposition that a criminal defendant's prior testimony, if voluntarily given, is admissible at a subsequent trial of the same case. *Harrison,* 392 U.S. at 222; *Hanrahan*, 508 F.3d at 967; *Harvey v. Shillinger*, 76 F.3d 1528, 1435–36 (10th Cir. 1996); *Edmonds v. United States*, 273 F.2d 108, 113 (D.C. Cir. 1959).

There is no suggestion here that defendant's prior testimony—given at his March, 2008 trial on these charges—was involuntary. The question is whether this testimony was admissible as a whole, or whether the court was required to determine independent bases for the admission of certain challenged statements contained therein.

This court did not find a case directly on point, or which would otherwise be dispositive of the straightforward question presented here. Both parties point to a handful of cases in support of their respective positions.[4] However, in none of the cases cited by the parties or reviewed by the

---

[3] (...continued)
and that "[a] defendant who chooses to testify waives his privilege against compulsory self-incrimination with respect to the testimony he gives").

[4] On the one hand, defendant cites cases and general evidentiary rules suggesting it is appropriate to entertain evidentiary challenges to specific statements contained in otherwise admissible testimony. *Edmonds*, 273 F.2d at 113 (holding it was not error for government to read "portions of" defendant's prior trial testimony because waiver of privilege at first trial applied to the testimony; specifically holding that "[t]he fact that the defendant does not take the stand at the second trial does not prevent the use of his testimony given at the former trial, *if it would otherwise be admissible*." (emphasis added)); *see also United States v. Azure*, 845 F.2d 1503, 1508 (8th Cir. 1988) (approving use of excerpts of previous sworn testimony, which contradicted evidence by defense witness); *United States v. Bohle*, 475 F.2d 872 (2d Cir. 1973) (admitting prior testimony after conducting a Rule 403 balancing of the probative value versus substantial prejudice); *United*
(continued...)

-4-

court did a defendant specifically object at trial on evidentiary grounds to the admissibility of any

particular statements contained in the testimony. In this case, defendant objected to and now claims

---

[4] (...continued)
*States v. Grunewald*, 164 F. Supp. 644, 647–48 (S.D.N.Y. 1958) (holding that portions of defendant's testimony from first trial that were not infected with error found reversible on appeal were admissible, and permitting defense to admit other admissible portions of remaining testimony as necessary under doctrine of completeness, but noting generally that such evidence is admissible).

On the other hand, the government cites a number of cases in which it appears that the entirety of a defendant's prior testimony was allowed to be read at a subsequent trial. *Humphreys*, 261 F.3d at 1023–24 (finding no error in the district court's decision permitting the prosecution to read the entire first-trial transcript to the sentencing jury over defendant's objection); *see also United States v. Mortensen*, 860 F.2d 948, 951 (9th Cir. 1988) (upholding admission of defendant's voluntary testimony at first trial—which had resulted in mistrial—over defendant's argument that there had been no appellate review of evidentiary objections in testimony); *United States v. Gianakos*, 415 F.3d 912, 919 (8th Cir. 2005) (finding no abuse of discretion where district court allowed state trial testimony to be introduced, over objection, at a subsequent federal trial); *United States v. Nell*, 570 F.2d 1251, 1259–60 (5th Cir. 1978) (upholding trial court's admission of defendant's testimony from first trial over defendant's objection, but noting its relevance to the charges).

The court is also mindful of the "rule of completeness" codified in Rule 106, which would caution against the parsing-out of particular statements. *See* Fed. R. Evid. 106; *Grunewald*, 164 F. Supp. at 646–47; *Turner v. State*, 170 S.W. 1096 (Tex. 1914) (holding that, after properly permitting the State to admit a part of defendant's testimony at a former trial, it was error to refuse to let the defendant offer the balance of the testimony, although he might have testified himself; stating that, "[h]aving introduced a portion of the former testimony, the remainder bearing on the same issue was also admissible").

And the court is mindful that statements made by a defendant at his first trial, but offered by the government in his second, may be admissible as an admission of a party opponent. Fed. R. Evid. 801(d)(2)(A); *see Hale v. United States*, 406 F.2d 476 (10th Cir. 1969) (citing *Harrison, Edmonds, United States v. Castellana*, 349 F.2d 264 (2d Cir. 1965); *Ayres v. United States* 193 F.2d 739 (5th Cir. 1952)); *see also United States v. Reed*, 227 F.3d 763 (7th Cir. 2000). A defendant cannot be compelled to testify against himself. But having voluntarily testified in his own behalf at the former trial and made statements against his interest, it is entirely appropriate for the government, on retrial, to offer those statements as admissions. *See Grunewald*, 164 F. Supp. at 647 (quoting *Milton v. United States*, 110 F.2d 556, 560 (D.C. Cir. 1940) (citation omitted)). Indeed, the government here argues that defendant, "in his 2008 case . . . proved to be the Government's best witness." (Doc. 52, at 5.)

-5-

error regarding the following:[5]

(1) the relevance and/or undue prejudice of some of the background information contained in defendant's testimony on direct examination, including the number of women with whom he had simultaneous relationships and/or with whom he had fathered numerous children; and

(2) the propriety, under Rule 404(b), of statements made on direct concerning defendant's prior conviction for crack and his explanation concerning that conviction.

In the absence of clear direction on this narrow issue, the court adheres to its ruling at trial based on the general rule that the testimony is admissible. Had the court addressed each of defendant's objections, it would have overruled them. And in the event they were improperly admitted, they would not entitle defendant to a new trial.

**Admissibility of Statements About Mr. Toombs' Sexual Relationships**

Evidence is relevant if it has any tendency to make the existence of any fact at issue more or less probable. Fed. R. Evid. 401. At his first trial, defendant offered this evidence in support of a theory of his defense: that he was too busy keeping track of all the women in his life to be capable of operating the drug trafficking conspiracy in this case. In this trial, defendant did not testify, and his defense centered on the credibility of his former co-defendant, Arlynda Osborn. He argued that she was a "slick, saavy, street-smart" drug dealer, who single-handedly operated the large-scale crack distribution conspiracy here. In this case, evidence of defendant's background and love life was arguably relevant to the question of whether he or Ms. Osborn was the mastermind in this case. Evidence that defendant manipulated and attempted to deceive at least seven women by simultaneously having sexual relationships with them was relevant to the credibility determinations

---

[5] It is the court's recollection that defendant's objection at trial may have included statements defendant made about falsifying certain documents. Such a statement or statements are not challenged in this motion. If they were, they would not lead the court to a different conclusion.

-6-

the jury was required to make. Furthermore, it corroborated Ms. Osborn's testimony about defendant's relationship with her sister, Arlisa, and the eventual "agreement to include sex" she herself entered into with defendant.

The court does not believe that the evidence misled the jury, confused the issues, or unfairly prejudiced the jury against defendant. Indeed, the evidence could be viewed as favorable to the defense: it was originally offered to support his plea of not guilty. Furthermore, it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion under Rule 403. Defendant's own descriptions of his background and his love life do not fall into this category. Moreover, the jury was instructed that defendant was only on trial for the crimes charged, and that the jury's duty was to determine if the government had met its burden in that respect.

**Admissibility of Statements About Prior Conviction, Related Acts**

As to defendant's objection to the admission of portions of his testimony in which he discusses his prior conviction and circumstances surrounding his involvement with drugs, the government argues that this evidence was not offered for Rule 404(b) purposes but for impeachment purposes. The court agrees that this was not improper propensity evidence. At the first trial, on direct examination, defendant maintained that although he knew how to cook crack; had cooked crack in the past; and had been involved in selling drugs in the past, he did not cook crack in the residences at issue and had nothing to do with the crack and other drugs discovered in those residences. He maintained that the last time he cooked or sold drugs was between 1999 and 2001. (Case No. 06-20057-1-CM, Transcript, at 772–76, 834.) On cross-examination, defendant admitted he had been charged in 1998 with possession with intent to sell cocaine within 1,000 feet of an elementary school and no drug tax stamp, and had pleaded guilty in 1999 to simple possession and no drug tax stamp. (*Id.*, at 843–45.) On cross-examination, the government attempted to impeach

defendant with the chronology of his prior conviction by suggesting that he was cooking and selling crack after his conviction and while he was on probation. (*Id.*, at 845–49.) The court finds that this is not improper Rule 404(b) evidence. It was not offered as propensity evidence or to establish conforming conduct but to impeach defendant's direct-examination statements. Any error in its admission in this case would have been, in effect, invited. And any potential danger was alleviated by a limiting instruction regarding prior felonies.

**New Trial Not Required**

Finally, even if the challenged statements contained in the prior sworn testimony were improperly admitted, the court does not believe that such admission would warrant a new trial. The admission of the testimony was accompanied by the court's directive to excise any mention of the prior trial, and to avoid commenting on defendant's decision not to testify in this case. The jury was not informed that the testimony was from a prior trial; it was read into the record by the prosecutor and Special Agent Neal Vogel; and the court introduced the reading of the testimony as simply a transcript of previously sworn testimony given under oath by the defendant on March 7th, 2008.

If error occurred here as defendant suggests, the court does not believe it casts doubt on the convictions. The court is convinced that the jury's guilty verdicts were well-supported by the weight of the evidence, notwithstanding the admission of the evidence of defendant's love life and prior drug dealings. The court observed the proceedings and found Ms. Osborn to be a credible witness. *See United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999) (citation omitted) (noting court may weigh evidence and assess witness credibility in ruling on motion pursuant to Rule 33). Her testimony alone supports the jury's verdict. *See United States v. Sloan*, 65 F.3d 861, 863 (10th Cir. 1995) (testimony of coconspirator alone can support a guilty verdict). However, her testimony was corroborated by the significant quantity of evidence in the case and by the testimony

of other witnesses, including unchallenged portions of defendant's prior testimony. Even if the court had excised the portions of the defendant's prior testimony that he now challenges, the verdict would have been well-supported by the weight of the other evidence in this case. The interests of justice do not require defendant be granted a third trial. The motion is denied.

**IT IS SO ORDERED**.

Dated this 7th day of December 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
