IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 10-20009-01 |
| **MARLO TOOMBS,** | |
| **Defendant.** | |

### MEMORANDUM AND ORDER

The matter before the court is defendant Marlo Toombs's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 98). Toombs essentially alleges two claims of ineffective assistance of counsel: (1) defense counsel in his first trial, Daniel Ross and Ray Sousley, were ineffective for failing to adequately represent him, and (2) defense counsel in his second trial, Melanie Morgan, was ineffective at all stages of the second proceeding—trial, sentencing, and appeal. The government argues Toombs has failed to establish that any of his defense attorneys provided ineffective assistance.

### I. Background

On April 26, 2006, Toombs and co-defendant Arlynda Osborn were indicted on various firearm and drug possession charges in case number 06-CR-20057-CM ("First Indictment"). Toombs was originally represented by the Federal Public Defender's Office; however, on June 29, 2006, Toombs hired Ross and Sousley to represent him. On August 24, 2007, after multiple continuances throughout the pendency of the case, Toombs fired Ross and Sously and hired Morgan to represent him. Morgan immediately asked to delay the jury trial. She then filed numerous pretrial motions, including a motion to dismiss the indictment based upon a Speedy Trial Act violation, which was denied by this court.

On March 4, 2008, Toombs's first trial began. The jury convicted him on all counts, and the court sentenced him to thirty-five years of imprisonment. On appeal, Toombs argued that this court's

granting of two "ends-of-justice" continuances violated his right to a speedy trial under both the Speedy Trial Act and the Sixth Amendment.  The Tenth Circuit found that two of the continuances violated the Speedy Trial Act, but did not violate the Sixth Amendment.  *United States v. Toombs*, 574 F.3d 1262, 1265 (10th Cir. 2009).  Finding a Speedy Trial Act violation, the Tenth Circuit remanded the case to this court to "decide whether to dismiss the indictment with or without prejudice." *Id*.

On December 7, 2009, Toombs filed a motion to dismiss the First Indictment with prejudice.  In a ruling on that motion, the court determined that the First Indictment should be dismissed *without prejudice* because (1) the offenses charged were serious; (2) Toombs was primarily responsible for the delay; (3) the government did not intentionally cause the delay, and (4) Toombs failed to show prejudice.  *United States v. Toombs*, No. 06-20057-1, 2010 WL 60219, at *1 (D. Kan. 2010).  On January 6, 2010, Toombs was re-indicted on seven drug and gun charges, substantially the same counts on which he previously was indicted and tried ("Second Indictment").

Following the Second Indictment, the court appointed Morgan to represent Toombs.  Morgan moved to dismiss the Second Indictment with prejudice based upon the speedy trial violation that occurred in the prior case.  This court denied defendant's motion.  Morgan sought three continuances of the trial before the case was finally presented to a jury.  (Docs. 24, 28, 30.)  On August 26, 2010, a jury found defendant guilty on six of the seven counts.  On August 30, 2011, this court sentenced Toombs to a total term of thirty years' imprisonment.  On September 12, 2011, Toombs appealed, raising only two issues—that the court erred in the admission of his testimony from the first jury trial and that the court had abused its discretion is dismissing the indictment without prejudice.  On May 20, 2013, the Tenth Circuit denied defendant's appeal, finding harmless error regarding the admission of Toombs's prior testimony and finding no error in dismissing Toombs's first indictment without prejudice.  *United States v. Toombs*, 713 F.3d 1273, 1279 (10th Cir. 2013).

## II. Legal Standard

The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions. *See Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000). The court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002). Under *Strickland*, a defendant bears the burden of satisfying a two-pronged test in order to prevail. First, the defendant must show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. Second, the defendant must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. The court may address the *Strickland* prongs in any order, but need not address both if the defendant fails to establish one. *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

## III. Analysis

Toombs argues that his defense attorneys at both of his two trials were ineffective, for a variety of reasons. The court begins by noting that his motion is 107 pages in total, including attachments. The argument portion of his motion is repeatedly interrupted by numerous supporting attachments. Substantively, Toombs does not readily identify the errors upon which his claims for ineffective assistance of counsel rest, and he provides no legal authority supporting his claims. The government identifies Toombs's claims as follows:

1. Ross & Sousley were ineffective for failing to adequately represent him;
2. Morgan was ineffective for failing to succeed on a claim that his speedy trial rights were violated in his first prosecution, such that the case should have been dismissed with prejudice;
3. Morgan was ineffective at all stages of his proceedings—trial, sentencing and appeal;
4. Morgan was ineffective when she failed to request a mistrial during the jury trial;

>   5. Morgan was ineffective when she failed to properly challenge the conduct of government counsel; and
>   6. Ross & Sousley were ineffective in plea negotiations.

(Doc. 117 at 4–5.)  After reviewing defendant's motion, the court believes this is a fair representation of the claims asserted by Toombs.

In analyzing those claims, the court should presume that defense counsel's performance was objectively reasonable.  *United States v. Smith*, 421 F. App'x 889, 894 (10th Cir. 2011).  Toombs must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Strickland*, 466 U.S. at 689 (quotation omitted).  "For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong."  *Boyd*, 179 F.3d at 914.

There are two preliminary matters the court must address.  First, Toombs asserts ineffective-assistance claims against the attorneys in his first trial (Ross and Sousley).  Those claims, however, are not properly before the court because the relief Toombs seeks has already been realized through his direct appeal.  Upon remand from the Tenth Circuit, *see Toombs*, 574 F.3d at 1262, this court dismissed without prejudice the First Indictment against Toombs.  *Toombs*, 2010 WL 60219, at *1.  Dismissal of the First Indictment foreclosed future ineffective-assistance claims against Ross and Sousley because Toombs was granted relief: the First Indictment was dismissed.  Toombs was then re-indicted, thereby starting a separate, second trial.  Ross and Sousley were never part of defendant's second trial.  The qualities of Ross and Sousley's representation did not affect and has no bearing on the verdict and sentence from which he now seeks relief.  Therefore, the court will not address Toombs's claims against Ross and Sousley.

Second, Toombs asserts Morgan provided ineffective assistance for failing to succeed on a claim that his speedy trial rights were violated and for failing to move for a mistrial when the court

-4-

ruled his prior (first) trial testimony was admissible. These arguments, however, were raised and disposed of on direct appeal. *See Toombs*, 574 F.3d at 1262. Claims raised and disposed of on direct appeal cannot be reasserted in a § 2255 motion. *See United States v. Johnson*, 30 Fed. App'x. 821, 822 (10th Cir. 2002) (citing *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir.1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255.")). For these reasons, the court denies Toombs's motion with respect to defendant's claim numbers 1, 2, 4, and 6, as numbered above.

Toombs is therefore left with claims numbers 3 and 5: she was ineffective at all stages of his proceedings—trial, sentencing, and appeal, and she failed to properly challenge the conduct of government counsel during trial. While Toombs spends much of his motion disputing the evidence against him or the government's trial strategy, none of that evidence speaks to the ineffectiveness of Morgan's representation, and Toombs never asserts that Morgan's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Toombs failed to overcome the presumption that his trial counsel's performance was objectively reasonable.[1] Because Toombs failed to establish the first prong of *Strickland*, the court need not analyze the second prong.[2]

### IV.  Certificate of Appealability

The court will issue a certificate of appealability "only if applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation

---

[1] Moreover, the court recalls, and the docket sheet reflects, the competency of Morgan's performance throughout this case.
[2] Even if Toombs could somehow show that Morgan was ineffective, it is unlikely those errors prejudiced him. Indeed, the Tenth Circuit found (harmless) error with this court's admission of Toombs's testimony from his first trial, but concluded: "The record contains ample additional evidence of Toombs' guilt." *Toombs*, 713 F.3d at 1279. It is unlikely that, but for the errors Toombs asserts, the "result of the proceeding would have been different." *Strickland*, 466 U.S. at 687–88

omitted).  The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings.  For the reasons stated above, the court finds that the defendant has not made a substantial showing of the denial of a constitutional right.  The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that defendant's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 98) is denied.

Dated this 17th day of June, 2015, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**