**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>        **Plaintiff,**<br><br>        **v.**<br><br>**MARLO TOOMBS,**<br><br>        **Defendant.** | Case No. 10-20009-01 |

### MEMORANDUM AND ORDER

The matter before the court is defendant Marlo Toombs' Motion for Reconsideration of Toombs' 18 U.S.C. § 3582(c)(2); or in the Alternative; Notice of Appeal (Doc. 126).  Defendant wants the court to reconsider its denial of his motion to reduce sentence under § 3582(c)(2), arguing that when he was originally sentenced, the court did not make a clear determination of the drug quantity that comprised the 20-kilogram cocaine base used to determine his base offense level.  Defendant claims that the court was in a position where it had to "guess" there was 20 kilograms of cocaine base. He also challenges the findings in the Presentence Investigation Report ("PSR").  The government responds that defendant is not entitled to a sentence reduction or new drug quantity calculation.  For the reasons set forth below, this court denies defendant's motion.

**I.    Legal Standard**

"Motions for reconsideration . . . cannot be brought at simply any time." *United States v. Randall*, 666 F. 3d 1238, 1242 (10th Cir. 2011).  Otherwise, criminal proceedings might never end. *Id.*  A motion to reconsider an order granting or denying a sentence modification under § 3582(c)(2) must be brought within 14 days after judgment is entered or the order is appealed.  *United States v. Muldrow*, 612 F. App'x 508, 511 (quoting Fed. R. App. P. 4(b)(1)(A)).  The court denied defendant's motion to reduce his sentence pursuant to § 3582(c)(2) on July 9, 2015.  Defendant's motion for

reconsideration was placed in the prison mail system on July 22, 2015 and was docketed on July 31, 2015. The government does not contest the motion's timeliness.

However, for the court to substantively address defendant's motion, he must state grounds warranting reconsideration. *United States v. Roebuck*, No. 07-20018-05-JWL, 2013 WL 2387677, *1 (D. Kan. May 30, 2013) (noting that in the context of a motion to reconsider the court's denial of a motion to reduce sentence under § 3582(c)(2), defendant still had to provide "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice" quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.)). A proper motion to reconsider does not simply state facts or make arguments previously available and "[a]bsent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed." *United States v. Amado*, 841 F.3d 867, 871–72 (10th Cir. 2016) (quoting *Servants of Paraclete*, 204 F.3d at 1012).

**II. Discussion**

**1.     Defendant's objections to the drug quantity calculation**

As mentioned above, defendant previously filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), claiming that his sentence was based on a drug quantity of 20 kilograms of cocaine base, exceeding the threshold floor of level 38 on the sentencing table. Under Amendment 782—which changed the base offense levels in the drug quantity table—20 kilograms of cocaine base is now a level 36. The court denied relief because defendant's adjusted total offense level was a level 42, and his adjusted guideline range was 360 months to life imprisonment. Defendant's original sentence of 360 months imprisonment was within the adjusted guideline range.

While defendant referenced the 20-kilogram amount of cocaine base that determined his base offense level in his original motion, defendant did not challenge the amount or argue that it needed to

be supplemented based on the original record.  Defendant does not state why he could not have raised this issue in his original motion for resentencing, cite controlling authority contrary to the court's order, disclose any newly available evidence, or show that it was clear error or manifest injustice for the court to deny relief.

Even if defendant had raised his current claim in his original motion, he would not be entitled to relief.  Section 3582(c)(2) proceedings "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3); *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013).

### 2.     Defendant's objections to the PSR

Defendant objected to the drug quantity calculated in the PSR, and the court considered his objection at sentencing.  The court noted that the PSR referenced 40 kilograms of cocaine and referred to Ms. Osburn's (the codefendant) testimony that defendant cooked daily.  The PSR also reported Ms. Osburn's statement that the majority of the 40 kilograms of cocaine was converted into cocaine base.  The court found that even if defendant was only responsible for 20 kilograms of cocaine base, this amount put him well over the highest level of 38.  The court found Ms. Osburn's testimony to be credible and overruled defendant's objections to the drug quantity.  Specifically, the court found that the 20-kilogram quantity was well supported by a preponderance of the evidence.

Because the court made specific rulings on defendant's objections regarding Ms. Osburn's credibility and drug quantity, there is no basis to supplement the drug quantity finding.  The court did not make a threshold quantity determination—which was 8.4 kilograms or more at the time defendant was originally sentenced—but instead made an actual drug quantity determination.  *Compare United States v. Valdez*, 320 F. App'x 863, 865–66 (10th Cir. 2009) (the court originally pegged the drug quantity at 1.5 kilograms because that was the threshold quantity, however, at the time of the § 3582

resentencing hearing, the court needed to make a quantity calculation because the threshold had increased).

Defendant is requesting the court to do more than just supplement the original drug quantity calculation. He wants the court to revisit its factual findings made at his original sentencing and determine that Ms. Osburn's testimony and the findings in the PSR are inaccurate. This is improper in a § 3582(c)(2) proceeding. *See United States v. Burkins*, 596 F. App'x 685, 690 (10th Cir. 2014) ("a challenge to a district court's drug quantity finding should be raised on direct appeal, not in a § 3582(c)(2) proceeding"). Defendant's motion for reconsideration is denied.

### 3. Defendant's notice of appeal

Alternatively, defendant seeks to appeal the court's denial of relief under § 3582(c)(2) and asks the court to accept a notice of appeal and appoint counsel. Defendant is not entitled to a hearing and appointment of counsel is unnecessary. If defendant wishes to appeal, then he may file a notice of appeal with the clerk.

**IT IS THEREFORE ORDERED** that defendant's Motion for Reconsideration of Toombs' 18 U.S.C. § 3582(c)(2); or in the Alternative; Notice of Appeal (Doc. 126) is denied.

Dated this 8th day of March, 2017, at Kansas City, Kansas.

                                                   s/ Carlos Murguia
                                                   **CARLOS MURGUIA**
                                                   **United States District Judge**