IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) Case Nos.   10-20009-01-CM (Criminal) |
| v. | ) 14-2380-CM (Civil) |
| MARLO TOOMBS, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case is before the court on defendant Marlo Toombs's Motion to Alter or Amend Judgement (sic) Pursuant to Rule 59(e) and/or Petition to Make Amended or Additional Filings Pursuant to Rule 52(b); or in Alternative; Motion to Reconsider (Doc. 124).

**I.  Legal Standard**

If a habeas petitioner files a Rule 59(e) or Rule 60(b) motion, the court must first examine whether the motion is a true motion to alter or amend judgment or for relief from judgment. *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) ((discussing Rule 59(e)); *Spitnas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) (applying Rule 60(b)).  The motion may actually be a second or successive petition.  The question is whether the motion: (1) "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction," (2) challenges one of the court's procedural rulings that precluded resolution of the habeas petition on its merits, or (3) challenges "a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitnas*, 464

F.3d at 1215–16.  Motions falling under the first category should be treated as second or successive petition.  Motions falling under the second or third category are treated as any other Rule 59(e) or 60(b) motion.

If the court finds that defendant's motion is actually a second or successive petition, then it treats it accordingly, referring the matter to the Tenth Circuit for authorization if "it is in the interest of justice to do so."  *Id.* at 1217; *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).  If the motion is "mixed," the court will also take mixed action: treating the Rule 59(e) or 60(b) portions as such, and forwarding the remainder to the Tenth Circuit for authorization if appropriate.  *Id.*

## II. Discussion

Defendant argues in his motion that the court erred in its rulings on defendant's § 2255 motion.  First, defendant alleges that the court did not address his ineffective assistance of counsel claims against Dan Ross and Ray Sousley, and further that the court erred in its ruling that defendant received relief when the first indictment was dismissed.  Second, defendant argues that there was a defect in the habeas proceedings because the court improperly based its analysis on misidentified claims due to defendant's inability to cite case law in his original § 2255 application as well as the court denying defendant the ability to file untimely supplemental materials when the government received four extensions.  Third, defendant claims that the court misapprehended his position on his ineffective assistance of counsel claim, which defendant had planned on clarifying and supporting with legal authorities in his reply.

### 1. Defendant's Claim About First Trial Counsel

Defendant's first argument reasserts a basis for relief from defendant's conviction.  The challenge would lead "inextricably to a merits-based attack on the disposition of [his] prior habeas petition."  *Spitnas*, 464 F.3d at 1216.  Defendant acknowledges that he received relief when the first

indictment was dismissed, but argues that it was not the relief he was entitled to. Defendant is not merely challenging a procedural ruling or a defect in the integrity of the proceeding. Instead, he asks the court to revisit the prejudice prong under *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984), to determine if defendant is entitled to relief based on his claims of ineffective assistance of counsel against Ross and Sousley. For these reasons, the court determines that this portion of defendant's motion is properly construed as a second or successive petition.

Under 28 U.S.C. § 2255, federal prisoners seeking to file a second or successive motion must first obtain authorization from the court of appeals before the district court can consider the motion. *In re Cline*, 531 F.3d at 1250. To obtain authorization, the defendant must demonstrate that the motion is based on a new constitutional rule or on newly discovered evidence. *United States v. Lara-Jiminez*, 377 F. App'x 820, 822 (10th Cir. 2010); 28 U.S.C. § 2255(h). When a second unauthorized § 2255 motion is filed, the court has discretion in determining whether to transfer the action to the circuit court or dismiss the action without prejudice. *See In re Cline*, 531 F.3d at 1251; *see also* 28 U.S.C. § 1631.

The Tenth Circuit has provided guidance on determining when a transfer would be in the interest of justice. *In re Cline*, 531 F.3d at 1251. "A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2255(h)." *Lara-Jiminez*, 377 F. App'x at 822 (citing *In re Cline*, 531 F.3d at 1252). Section 2255(h) identifies two situations in which a second or successive motion is certifiable: (1) certain newly discovered evidence exists; or (2) certain new rules of constitutional law have been announced.

Defendant does not argue that either of these situations exists. The court also finds no indication that defendant's first claim has merit; he is merely rehashing a claim previously rejected by the court. The court therefore finds that it is not in the interest of justice to transfer this claim to the Tenth Circuit. The court dismisses this portion of defendant's motion without prejudice.

### 2. Defendant's Other Claims

With respect to defendant's second and third arguments, he directly responds to some of the court's observations about his petition. Specifically, the court noted that defendant did not readily identify the errors upon which his claims for ineffective assistance of counsel rested or provide legal authority in support of his claims. The court referred to the government's identification of defendant's claims, and after reviewing defendant's § 2255 motion, believed it was a fair representation of defendant's claims.

In response, defendant claims he followed the directions of the § 2255 application, which instructed defendant to not cite legal authority. Defendant alleges that the court did not fully understand his claims because it relied on and adopted the government's misinterpretation of his claims. According to defendant, the court erred when it did not grant his motion requesting a 90-day extension to file a reply to the government's response. Defendant states that he wanted to clarify his arguments and support his claims with legal authority in a reply. He claims that he is an untrained layman with a basic understanding of how to apply legal concepts. Defendant further attempts to clarify the nature of his claims and reargues his ineffective assistance of counsel claims. Arguably, these efforts challenge "a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *See, e.g.*, *United States v. Avalos-Vasquez*, 339 F. App'x 875, 877–78 (10th Cir. 2009) (finding true Rule 60(b) allegation because defendant was not served the government's response, and as a result, the defendant was denied the opportunity to file a traverse (reply) brief); *see also United States v. Luke-Sanchez*, 327 F. App'x 774, 774–75 (10th Cir. 2009) (stating Rule 60(b) motion based on government's failure to serve its response on petitioner and petitioner's inability to file a reply brief is a true motion).

To the extent that this portion of defendant's motion can be construed as a Rule 59(e) or Rule 60(b) motion, he is not entitled to relief.  A party may demonstrate entitlement to relief from judgment under Rule 59(e) by showing a change in law, new evidence, or a "need to correct clear error or prevent manifest injustice."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (identifying elements for a motion to reconsider, which mirror those for a Rule 59(e) motion).  Under Rule 60(b), a party may obtain relief by showing:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Defendant has offered no argument that would support a finding under any of these elements.  He had a full opportunity to offer his arguments at the time he filed his original motion.  The court evaluated the motion and pointed out its deficiencies.  Now, defendant is not entitled to try to support or clarify his motion better.  A traverse or reply is not a means to supply legal argument that should have been in the § 2255 motion.  *See Martinez v. Kansas*, No. 05-3415-MLB, 2006 WL 3350653, at *2 (D. Kan. Nov. 17, 2006) (citing *Loggins v. Hannigan*, 45 F. App'x 846, 849–50 (10th Cir. Aug. 28, 2002)) ("While the rules do not require a petitioner to include legal argument in his petition, it is beyond cavil that if he intends to make any arguments, they must be included in the petition.").  And a reply is not required.  *See id.* (referring to the rules governing section 2254 cases and pointing out that they contemplate a petition and an answer, but a reply is discretionary).  Likewise, a motion to alter or amend judgment under Fed. R. Civ. P. 52(b) is not a means to advance arguments or theories that could and should have been made before the court rendered judgment.  *See generally United States v. Rice*, 594 F. App'x 481, 485 (10th Cir. 2014) (applying grounds warranting reconsideration from

*Servants of Paraclete*, 204 F.3d at 1012, to Rule 52(b) and 59(e) motions seeking relief from a habeas judgment).

The court finds no basis for 59(e) or 60(b) relief.  To the extent that these two arguments can be construed as additional or repeated grounds for habeas relief, they are also dismissed for the same reasons discussed above with respect to defendant's first claim.

Finally, Rule 11 of the Rules Governing Section 2255 Proceedings directs the court to issue or deny a certificate of appealability when it issues a final adverse order.  The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Under this standard, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).  To the extent that a certificate of appealability is necessary in this case, the court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings.  For the reasons stated above, the court finds that defendant has not made a substantial showing of the denial of a constitutional right.  The court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant Marlo Toombs's  Motion to Alter or Amend Judgement (sic) Pursuant to Rule 59(e) and/or Petition to Make Amended or Additional Filings Pursuant to Rule 52(b); or in Alternative;  Motion to Reconsider (Doc. 124) is dismissed in part and denied in part.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that defendant's Motion For Leave to File Reply to Government's Response to Toombs' Motion to Alter or Amend Judgment (Doc. 138) and Notice to Court of Movant Toombs' Intent to File Supplement (Doc. 140) are denied as moot.

Dated this 16th day of March 2017, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**