## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

  **Plaintiff,**

   **v.**             **Case No. 10-20009-JAR**

**MARLO TOOMBS,**

  **Defendant.**

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant Marlo Toombs' *pro se* Motion for Relief pursuant to Fed. R. Civ. P. 60(b) (Doc. 168) and Motion to Compel Court to Stay his motion for 60 days (Doc. 169). While those motions were pending, Defendant filed a *pro se* Motion for Release Under the First Step Act, as amended (Doc. 179, 184), Motion to Appoint Counsel (Doc. 182), and Motion for Reconsideration of the Court's order deferring his motion to appoint counsel (Doc 191). Because Defendant's factual bases for relief are similar if not identical, the Court addresses the various motions together in this Order. For the reasons explained below, the Court denies Defendant's motion for relief under Rule 60(b) and motion to stay; denies his motion to appoint counsel and motion to reconsider the Court's order deferring ruling on that motion; and dismisses his motion for compassionate release under 18 U.S.C. § 3582 as an unauthorized second or successive motion under 28 U.S.C. § 2255.

I.      **Background**

*Toombs I*

On April 26, 2006, Defendant was indicted on firearm and drug possession counts ("*Toombs I*").[1]  Defendant was originally represented by the Federal Public Defender's Office ("FPD"), but retained Daniel Ross and Ray Sousely to represent him beginning June 19, 2006.[2] There were multiple continuances during the proceedings and on August 24, 2007, Defendant retained Melanie Morgan to represent him.[3]  On March 17, 2008, a jury verdict was entered against Defendant finding him guilty of all charges.[4]  Defendant appealed his conviction, arguing that the district court's granting of two "ends-of-justice" continuances violated his right to a speedy trial, both under the Speedy Trial Act and the Sixth Amendment.[5]  Defendant was represented on appeal by Morgan.  On October 20, 2009, the Tenth Circuit Court of Appeals found that the district court's inadequate ends-of-justice findings for two of the continuances resulted in a violation of the Speedy Trial Act, but not a violation of the Sixth Amendment, and remanded the case to the district court to "decide whether to dismiss the indictment with or without prejudice."[6]

*Toombs II*

On remand, Defendant moved for dismissal of the indictment with prejudice.[7]  On January 6, 2010, Judge Carlos Murguia entered an order denying Defendant's motion and

---

[1] *United States v. Toombs*, No. 06-20057-CM-1, Doc. 1.

[2] *Id.*, Docs. 3, 14.

[3] *Id.*, Docs. 21, 28, 30.

[4] *Id.*, Doc. 79.

[5] *Id.*, Docs. 110, 130.

[6] *United States v. Toombs*, 574 F.3d 1262, 1276 (10th Cir. 2009).

[7] *Toombs*, No. 06-20057-CM-1, Doc. 142.

dismissed Defendant's first indictment without prejudice because: (1) the offenses charged were serious; (2) Defendant was primarily responsible for the delay; and (3) the government did not intentionally cause the delay and Defendant failed to show any prejudice from it.[8]

On the same day, a grand jury re-indicted Defendant on seven drug and gun charges ("*Toombs II*").[9]  Defendant was again represented by Morgan, who was appointed by the court.[10] Defendant moved to dismiss the Indictment with prejudice based on the speedy trial violation in the prior case, but Judge Murguia denied his motion.[11]  Morgan sought numerous continuances of the jury trial.[12]  On August 26, 2010, Defendant was found guilty of all counts in the Indictment except one gun count.[13]  On August 30, 2011, Judge Murguia sentenced Defendant to 30 years' imprisonment.[14]

Defendant filed a Notice of Appeal on September 12, 2011, alleging two issues: (1) the district court had erred in the admission of his testimony from his first jury trial; and (2) the court abused its discretion by dismissing the Indictment without prejudice.[15]  On April 26, 2013, the Tenth Circuit held that the district court erred by not evaluating Defendant's prior trial testimony under the Federal Rules of Evidence, but concluded that reversal of his convictions was not

---

[8] *Id.*, Doc. 145.

[9] *Toombs II*, 10-20009-JAR-1, Doc. 1.  Unless otherwise indicated, any further citations to the record are to this record and not *Toombs I*.

[10] Doc. 7.

[11] Docs. 17, 23.

[12] Docs. 24, 28, 30.

[13] Doc. 44.

[14] Doc. 64.

[15] Doc. 66.

warranted because any error was harmless as "[t]he record contain[ed] ample additional evidence of Toombs' guilt."[16]

**Section 2255 Motion**

On July 30, 2014, Toombs filed a *pro se* Motion to Vacate Sentence under 28 U.S.C. § 2255.[17]  In his motion, Defendant alleged ineffective assistance of counsel against all of his attorneys throughout all stages of his proceedings.[18]  Notably, the court adopted the government's identification of Defendant's claims because the argument portion of his motion was repeatedly interrupted by supporting documents and Defendant did not readily identify the errors upon which his claims for ineffective assistance of counsel were based.[19]  The claims were identified as: (1) Ross and Sousley were ineffective for failing to adequately represent him; (2) Morgan was ineffective for failing to succeed on a claim that his speedy trial rights were violated in his first prosecution, such that the case should have been dismissed with prejudice; (3) Morgan was ineffective at all stages of his proceedings—trial, sentencing and appeal; (4) Morgan was ineffective when she failed to request a mistrial during the jury trial; (5) Morgan was ineffective when she failed to properly challenge the conduct of government counsel; and (6) Ross and Sousley were ineffective in plea negotiations.[20]

Judge Murguia denied Defendant's motion, resolving four claims on procedural grounds and two on the merits.  The court first held that Defendant's first and sixth claims against Ross and Sousely were not properly before the court because the relief Defendant sought had already

---

[16] *United States v. Toombs*, 713 F.3d 1273, 1279 (10th Cir. 2013).

[17] Doc. 98.

[18] Docs. 98, 103.

[19] Doc. 119.

[20] *Id.* at 3–4.

been realized through his direct appeal when his first indictment was dismissed.[21]  Likewise, the court found Defendant's second and fourth claims for relief against Morgan were raised and disposed of on direct appeal and could not be reasserted in a § 2255 motion.[22]

Defendant's third and fifth claims were dismissed on the merits.  In his third claim, Defendant argued that Morgan was constitutionally ineffective for various reasons at all stages of his proceedings.  In his fifth claim, he asserted that Morgan was ineffective for failing to properly challenge the government's conduct at trial.  Judge Murguia considered the standards for addressing counsel's performance under *Strickland v. Washington*, and concluded that Defendant failed to overcome the presumption that Morgan's representation "fell below an objective standard of reasonableness."[23]  The court noted that the record reflected competent performance by Morgan and that even if Morgan was ineffective, it was unlikely that those errors prejudiced Defendant, referencing the statement in *Toombs II* that "[t]he record contains ample evidence of Defendant's guilt," and concluding that "[i]t is unlikely that, but for the errors Defendant asserts, the result of the proceeding would have been different."[24]  Judge Murguia also found that the request to file a reply was moot and denied Defendant a certificate of appealability.[25]

Defendant filed a Motion to Amend Judgment under Fed. R. Civ. P. 59.[26]  Judge Murguia determined that Defendant's argument that the court failed to address his claims for ineffective assistance of counsel against Ross and Sousley should be construed as an unauthorized second or

---

[21] *Id.*

[22] *Id.* at 4–5.

[23] *Id.* at 5 (citing *Strickland v. Washington*, 466 U.S. 668, 668 (1984)).

[24] *Id.* at 5 n.1, 2 (internal quotation marks omitted).

[25] *Id.* at 5; Doc. 120.

[26] Doc. 124.

successive § 2255 motion and dismissed the claim for lack of jurisdiction.[27]  Defendant also raised three arguments that the court determined did not provide a basis for relief under either Rule 59 or Rule 60: (1) the court improperly accepted the government's interpretation of Defendant's § 2255 claims; (2) the court did not allow Defendant to file supplementary/clarifying materials to support his § 2255 motion; and (3) the court denied Defendant's request for an extension to file a reply brief.[28]

Defendant filed a Notice of Appeal of the court's order on his motion for reconsideration.[29]  Defendant then filed a Motion for Reconsideration of Post-Conviction Judgment, which the court denied as an unauthorized second or successive § 2255 motion and dismissed for lack of jurisdiction.[30]

On December 7, 2017, the Tenth Circuit affirmed Judge Murguia's denial of Defendant's § 2255 motion.[31]  The Tenth Circuit assumed without deciding that the district court's procedural ruling on the Ross and Sousley claims (first and sixth claims) was incorrect, but concluded that Defendant failed to explain how counsels' allegedly deficient performance during the pre-trial period prior to his first trial affected the outcome of his entire criminal proceeding under *Strickland*'s prejudice prong.[32]

When addressing Defendant's claims for ineffective assistance of counsel against Morgan, the Tenth Circuit found that: (1) Defendant failed to demonstrate a reasonable probability  that Morgan's failure to request a mistrial would have changed the outcome of the

---

[27] Doc. 145.

[28] *Id.* at 4–5.

[29] Doc. 147.

[30] Docs. 151, 154.

[31] *United States v. Toombs*, 717 F. App'x 796, 799–800 (10th Cir. 2017).

[32] *Id.* at 800.

proceedings (fourth claim); and (2) Defendant failed to demonstrate a reasonable probability that additional efforts by Morgan regarding the speedy trial claim would have changed the court's decision to dismiss the indictment without prejudice (second claim).[33]   The Tenth Circuit also denied a certificate of appealability on Defendant's remaining claims: (1) his third and fifth claims of ineffectiveness by Morgan; (2) that the court had not fully understood his § 2255 claims; (3) that he should have been allowed to file supplemental/clarifying materials; and (4) that the court erred by not allowing Defendant to file a reply.[34]

### *Motions Before the Court*

Undeterred, Defendant filed his current petition seeking relief pursuant to Fed. R. Civ. P. 60(b)(1), (4) and (6).[35]   Defendant also moved to stay his petition for 60 days, so that he could expand the record.[36]   The government filed a response to Defendant's motion and Defendant replied to the response.[37]   The case was reassigned to this Court on February 20, 2020.[38]   While the Rule 60(b) motion was pending, Defendant filed a motion for compassionate release under the First Step Act and § 3582(c).[39]   Defendant then filed a motion for leave to file an amended compassionate release motion and a request for the appointment of counsel.[40]   The Court granted Defendant leave to amend his motion, but deferred ruling on his motion to appoint counsel.[41]

---

[33] *Id.* at 801–02.

[34] *Id.* at 802–03.

[35] Doc. 168.

[36] Doc. 169.

[37] Docs. 176, 177.

[38] Doc. 178.

[39] Doc. 179.

[40] Doc. 182.

[41] Doc. 183.

Defendant then filed his amended compassionate release motion and a motion to reconsider the Court's order of deferral.[42]

## II.  Rule 60(b)

### A.  Legal Standard

Defendant moves for relief under Fed. R. Civ. P. 60(b), which permits a district court to relieve a party from a final judgment or order on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud. . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged...; or (6) any other reason that justifies relief.[43]

Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances."[44]

Before the court can reach the merits of Defendant's motion, it must first determine whether the motion is a second or successive motion under § 2255, thus depriving the court of subject matter jurisdiction to decide it absent authorization from the Tenth Circuit Court of Appeals.[45] "It is not unusual for defendants who have failed to obtain relief in federal habeas proceedings to attempt to bring new habeas claims in the guise of Rule 60(b) motions."[46]  The Tenth Circuit has explained how to distinguish a true Rule 60(b) motion from a second or successive § 2255 claim.  "A prisoner's post-judgment motion is treated like a second-or-successive § 2255 motion . . . if it asserts or reasserts claims

---

[42] Docs. 184, 191.

[43] Fed. R. Civ. P. 60(b).

[44] *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) (citation omitted).

[45] *United States v. Wetzel-Sanders*, 805 F.3d 1266, 1269 (10th Cir. 2015); *see also* 28 U.S.C. § 2255(h).

[46] *In re Pickard*, 681 F.3d 1201, 1204 (10th Cir. 2012).

of error in the prisoner's conviction."[47]  "[A] motion alleging fraud on the court in a defendant's criminal proceeding must be considered a second-or-successive collateral attack because it asserts or reasserts a challenge to the defendant's underlying conviction."[48]  "In contrast, if the motion 'seeks to correct an error in the previously conducted [§ 2255] proceeding itself,' it is not characterized as a successive motion."[49]  A motion is not a second or successive habeas petition if it attacks "some defect in the integrity of the federal habeas proceedings" without attacking "the substance of the federal court's resolution of a claim on the merits."[50]  "Fraud on the federal habeas court is one example of such a defect."[51]

### B.    Analysis

Defendant's most recent motion raises multiple claims under Rule 60(b)(1), (4), and (6), many of which have been previously addressed and disposed of by this court, the Tenth Circuit, or both.  As explained below, the Court liberally construes Defendant's motion as a true Rule 60(b) motion and denies his requests for relief.

### 1.    Rule 60(b)(1)

Rule 60(b)(1) may relieve a party from a final judgment based on the existence of "mistake, inadvertence, surprise, or excusable neglect."[52]  A "mistake" "provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has

---

[47] *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013).

[48] *Id.* at 1207.

[49] *Id.* at 1206 (quoting *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006)).

[50] *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

[51] *Id.* at 532 n.5.

[52] Fed. R. Civ. P. 60(b)(1).

made a substantive mistake of law or fact in the final judgment or order."[53]  "Generally speaking, a party who takes deliberate action with negative consequences . . . will not be relieved of the consequences [by Rule 60(b)(1)] when it subsequently develops that the choice was unfortunate."[54]

Construing his *pro se* filing liberally, Defendant makes the following arguments: (1) the Tenth Circuit mistakenly evaluated the primary claims against Ross and Sousely under an incorrect standard; (2) a conflict of interest existed that violated his rights; (3) Judge Murguia overlooked his prejudice assertions; (4) the Court of Appeals exceeded its authority when it evaluated his appeal; and (5) he did not file a supporting memorandum of law in his § 2255 proceedings because he was misguided and followed incorrect instructions, also mentioning denial of an opportunity to supplement the request for a certificate of appealability that he submitted to the Tenth Circuit.[55]  Defendant's challenges are misplaced.

Previously, Judge Murguia dismissed the ineffective assistance claims against Ross and Sousley raised in Defendant's § 2255 motion on procedural grounds.  Defendant then filed a Rule 59 motion to alter or amend the judgment, and the court determined that Defendant's first argument—that it failed to address his claims of ineffective assistance of counsel—should be construed as an unauthorized second or successive § 2255 claim.  Thus, the court dismissed for lack of jurisdiction.  On appeal, the Tenth Circuit assumed, without deciding, that the district court's procedural ruling that the Ross and Sousley claims were barred because Defendant had raised them on direct appeal (first and sixth claims) was reasonably debatable, but concluded that

---

[53] *Sweet v. Corp. of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints*, 831 F. App'x 874, 880 (10th Cir. 2020) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996)).

[54] *Id.* (quoting *Cashner*, 98 F.3d at 577 (brackets in original)).

[55] Doc. 169 at 20–22.

remand would be futile because it affirmed Judge Murguia's decision on alternate grounds—that

Defendant failed to explain how counsels' allegedly deficient performance during the pre-trial

period prior to his first trial affected the outcome of his entire criminal proceeding under

*Strickland*'s prejudice prong.[56]  To the extent Defendant challenges the Tenth Circuit's reasoning

or authority, Rule 60(b) cannot be used as a challenge to the appellate court's earlier ruling.[57]  To

the extent Defendant challenges this court's order, the Tenth Circuit affirmed on the merits Judge

Murguia's denial of Defendant's claim that Ross and Sousley provided ineffective assistance of

counsel, and thus "the law of the case doctrine counsels against any attempt to reconsider an

issue that the Tenth Circuit has already adjudicated."[58]  Thus, Defendant's motion is denied on

these grounds.

### 2.    Rule 60(b)(4)

 Rule 60(b)(4) provides relief from void judgments, which are "legal nullit[ies]."[59]  "A

judgment is void 'only if the court which rendered it lacked jurisdiction of the subject matter, or

of the parties, or acted in a manner inconsistent with due process of law.'"[60]  Due process is

sufficient when "fundamental procedural prerequisites–particularly, adequate notice and

opportunity to be heard—were fully satisfied."[61]  "Rule 60(b)(4) applies only in the rare instance

---

[56] *United States v. Toombs*, 717 F. App'x 796, 800 (10th Cir. 2017).

[57] *United States v. Piper*, No. 12-20141-04-KHV, 2018 WL 5084316, at *3 (D. Kan. Oct. 17, 2018) (citing *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004) (relief under Rule 60(b) not substitute for appeal)).

[58] *United States v. McIntosh*, No. 11-20085-KHV, 2017 WL 3605335, at *4 (D. Kan. Aug. 22, 2017) (citing *Arizona v. California*, 460 U.S. 605, 618 (1983)).

[59] *United States v. Handy*, 743 F. App'x 169, 171–72 (10th Cir. 2018) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010)).

[60] *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002) (quoting *In re Four Seasons Sec. Law Litig.*, 502 F.2d 834, 842 (10th Cir. 1974)).

[61] *United States v. Rogers*, 657 F. App'x 735, 738 (10th Cir. 2016) (quoting *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994)).

where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."[62]  Even if a judgment is erroneous, it is not necessarily void.[63]  "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final."[64]  "The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule."[65]  Relief under Rule 60(b)(4) "is not a discretionary matter; it is mandatory."[66]

Defendant asserts that he was denied due process because the district court failed to rule on several claims and arguments, specifically: (1) he has an unanswered claim under what he termed "Supplementary Ground G"; (2) he requested cumulative error analysis and the court overlooked it; (3) he has unanswered claims against Morgan; and (4) he was not given equitable treatment during proceedings.[67]  Defendant's arguments are misplaced.

Due process requires that interested parties receive notice and an opportunity to present their arguments.[68]  Defendant had an adequate opportunity to present his arguments in his § 2255 proceedings.  After Judge Murguia dismissed his motion, Defendant filed a motion to alter or amend judgment, which argued that the court misapprehended and misconstrued his claims and did not permit him to file supplemental/clarifying materials to support his § 2255 motion.  The court addressed and denied these arguments, Defendant appealed, and the Tenth Circuit affirmed Judge Murguia's decision on the merits.  At each stage of the habeas proceeding, Defendant

---

[62] *Espinosa*, 559 U.S. at 271.

[63] *Buck*, 281 F.3d at 1344.

[64] *Espinosa*, 559 U.S. at 270.

[65] *Id.*

[66] *United States v. Handy*, 743 F. App'x 169, 172 (10th Cir. 2018) (quoting *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994)).

[67] Doc. 168 at 22–29.

[68] *Espinosa*, 559 U.S. at 272.

received due process, including notice and an adequate opportunity to be heard.  Accordingly, he is not entitled to relief under Rule 60(b)(4).[69]

### 3.    Rule 60(b)(6)

Finally, Defendant argues that he should be granted relief under Rule 60(b)(6) because the government and the courts have misidentified and misconstrued his claims.  "Relief under Rule 60(b)(6) is extraordinary and may only be granted in exceptional circumstances."[70]  Relief under Rule 60(b)(6) "will rarely occur in the habeas context."[71]

Specifically, Defendant claims that government counsel intentionally misstated issues in his § 2255, thereby muddying the habeas proceedings, and resorted to bad faith tactics, resulting in the court inaccurately assessing his claims.  Defendant's Rule 60(b)(6) motion is largely directed at Assistant United States Attorney ("AUSA") Terra Morehead's conduct during the § 2255 proceedings, but he does not tie any allegation to specific harms or injustice he has suffered.  Instead, he vaguely asserts that "AUSA Morehead has consistently been disruptive and malfeasant in her duties as a prosecutor throughout her career."[72]  Defendant further claims that Morehead's actions "permeated throughout" his entire proceedings, but he does not specify how they did so in his case.[73]

Liberally construed, Defendant's claim of fraud on the court and prosecutorial misconduct involves an attack on an alleged defect in the integrity of his previously conducted

---

[69] *Id.* at 270 (explaining judgment not void because it is erroneous).

[70] *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007) (quotation marks and citation omitted).

[71] *Buck v. Davis*, 137 S. Ct. 759, 772 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

[72] Doc. 168 at 35.

[73] *Id.* at 33.

§ 2255 proceedings.  But Defendant is not entitled to relief under Rule 60(b)(6), as he was given the opportunity to set forth his claims in his § 2255.  Judge Murguia was in the best position to evaluate both his claims and the government's arguments regarding the issues raised.  Defendant argued in his motion to alter or amend that the court improperly accepted the government's misinterpretation of his claims, which both the district court and Tenth Circuit rejected.  Clearly, the court is capable of extracting any misstatements of issues by either party, and Defendant's motion for the extraordinary relief afforded by Rule 60(b)(6) is denied.

In sum, Defendant does not raise any viable avenue for relief in his Rule 60(b) motion.

## III.    Compassionate Release

Defendant moves for compassionate release under § 3582(c)(1)(A).  He also requests the Court appoint counsel to assist him with his motion.  As explained below, the Court construes Defendant's motion as an unauthorized second or successive § 2255 motion and dismisses for lack of jurisdiction.

### A.      Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions."[74]  "One such exception is contained in [18 U.S.C.] § 3582(c)(1)."[75]  Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[76] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30

---

[74] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[75] *Id.*

[76] Pub. L. No. 115-391, 132 Stat. 5194.

days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[77]  The court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[78]

## B.    Appointment of Counsel

Defendant also requests that the Court appoint counsel to assist with his motion for compassionate release.  Under District of Kansas Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act of 2018.  That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic.  Under Administrative Order 20-8, the FPD shall notify the court within fifteen days of any *pro se* individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination.  Here, the FPD has not entered an appearance in Defendant's case.

And there is no constitutional right to appointed counsel "beyond the direct appeal of a criminal conviction."[79]  In exercising its "broad discretion" to determine whether to appoint

---

[77] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[78] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[79] *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2018); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) ("No right to counsel extends to a § 3582(c)(2) motion.").

counsel to an indigent litigant, the Court "should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[80]

Defendant's compassionate release motion is not legally or factually complex,[81] and he has adequately presented his arguments for relief.  The Court therefore denies his request for appointment of counsel to assist with his motion for compassionate release.  Defendant's motion for reconsideration of the Court's order deferring ruling on his request is also denied.

### C.      Analysis

In determining Defendant's motion for compassionate release, the Court must also consider the effect of § 2255 on Defendant's motion.  Defendant's allegations of ineffective assistance of counsel and prosecutorial misconduct place his motion squarely within the circumstances addressed in *United States v. Sears*.[82]  In that case, where the defendant filed a motion purporting to seek compassionate release under § 3582(c)(1)(A), the Tenth Circuit explained that "regardless of how a movant characterizes a post-judgment motion, it must be treated as a § 2255 motion if it 'asserts or reasserts a federal basis for relief' from the movant's conviction or sentence."[83]  "It is the relief sought, not [a] pleading's title, that determines whether the pleading is a § 2255 motion."[84]  "[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the

---

[80] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (considering the appointment of counsel for indigent litigants under 28 U.S.C. § 1915).

[81] *See United States v. Cano*, No. 05-40116-01-JAR, 2021 WL 699996, at *2 (D. Kan. Feb. 23, 2021) ("Generally, a motion requesting compassionate release is not legally or factually complex.").

[82] 836 F. App'x 697 (10th Cir. 2021).

[83] *Id.* at 699 (quoting *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (per curiam)).

[84] *Id.* (quoting *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006)).

relief sought in the pleading."[85]  "To allow a petition to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255."[86]  "In particular, 'Congress was surely aware that defendants might wish to raise subsequent claims based upon changes in the applicable law, and narrowly circumscribed the allowable claims through § 2255(h).'"[87]

Applying these standards, the Court concludes that Defendant's motion for compassionate release is a second or successive § 2255 and that it must be dismissed for lack of jurisdiction.[88]  Here, Defendant seeks release for extraordinary and compelling reasons under the First Step Act, on the grounds that his conviction was established on manifestly unjust grounds. He argues that the "Gate Keepers" of his Sixth Amendment rights—including AUSA Morehead, Judge Murguia, Ross and Sousley, and investigating law enforcement agents—exhibited a pattern of unethical behavior that abrogated his fundamental rights and that trial counsel was ineffective.  Defendant submits that because of these violations, extraordinary and compelling reasons exist to warrant his release.

Defendant's motion for compassionate release clearly fits within the parameters of a second or successive § 2255 motion, as his arguments center on claims to ineffective assistance of counsel and prosecutorial misconduct in his underlying criminal proceedings.  As the Tenth Circuit instructs, a motion must be considered a pleading under § 2255 if it "asserts or reasserts a federal basis for relief" from the movant's conviction and sentence.[89]  Defendant has already

---

[85] *Id.* (quoting *Nelson*, 465 F.3d at 1148).

[86] *Id.*

[87] *Id.* (quoting *United States v. Wetzel-Sanders*, 805 F.3d 1266, 1268 (10th Cir. 2015)).

[88] *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (absent authorization from circuit court, a district court lacks jurisdiction to address the merits of a second or successive § 2255).

[89] *Sears*, 836 F. App'x at 699.

been denied post-conviction relief under § 2255 where he challenged his trial counsel's effectiveness, which the Tenth Circuit affirmed, denying him a certificate of appealability challenging the court's order denying relief.  Consequently, this Court lacks jurisdiction to consider the motion.  The Court could transfer the motion to the Tenth Circuit for a determination of whether Defendant should be allowed to proceed.[90]  The Court concludes that in this case transfer would not be appropriate because he cannot satisfy either of the requirements of § 2255(h).[91]  Therefore, rather than transfer Defendant's successive § 2255 motion to the Tenth Circuit for authorization, the Court shall dismiss for lack of jurisdiction.

Rule 11(a) of the Rules Governing Section 2255 Proceedings requires this Court to issue or deny a certificate of appealability when it enters a final order adverse to a defendant.[92]  To obtain a certificate of appealability, defendant must show both "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[93]  Defendant cannot make the required showing.  Accordingly, a certificate of appealability is denied.

---

[90] *In re Cline*, 531 F.3d at 1252.

[91] Under 28 U.S.C. § 2255(h), a second or successive motion must be certified by the court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

[92] *See also United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) ("[T]he district court's dismissal of an unauthorized § 2255 motion is a 'final order in a proceeding under section 2255' such that [28 U.S.C.] § 2253 requires [defendant] to obtain a [certificate of appealability] before he . . . may appeal.").

[93] *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Marlo Toombs' Motion for Relief pursuant to Fed. R. Civ. P. 60(b) (Doc. 168) is **denied**; his Motion to Stay (Doc. 169) is **denied as moot**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Compassionate Release, as amended (Docs. 179, 184) is construed as a second or successive motion under 28 U.S.C. § 2255 and **dismissed** for lack of jurisdiction; his Motion to Appoint Counsel (Doc. 182) and Motion for Reconsideration (Doc. 191) of the Court's Order deferring ruling on the motion are **denied**; Defendant is also denied a certificate of appealability.

**IT IS SO ORDERED.**

Dated: May 6, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE