**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 10-20009-JAR** |
| **MARLO TOOMBS,** | |
| **Defendant.** | |

## ORDER

On May 6, 2022, this Court entered a Memorandum and Order that: 1) denied Defendant Marlo Toombs' *pro se* Motion for Relief under Rule 60(b);[1] and 2) construed and dismissed his *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c) as an unauthorized second or successive motion under 28 U.S.C. § 2255, and denied a certificate of appealability ("COA").[2] This matter is before the Court on Defendant's Motion to Extend Time to File Notice of Appeal Pursuant to Fed. R. App. P. 4(a)(5) (Doc. 199), or in the alternative, a Notice of Appeal.[3]  For the reasons explained below, Defendant's motion for extension of time is **granted**.

An appeal from both parts of the Court's May 6, 2022 Memorandum and Order is governed by Rule 4(a)(B), which gives a party 60 days after entry of the judgment or order appealed from to file a notice of appeal when the United States is a party.[4]  Accordingly,

---

[1] Doc. 194 at 8–14.

[2] *Id.* at 14–18.

[3] Under the federal prisoner mailbox rule, Defendant's motion is considered filed when he delivered the pleading to prison officials for mailing on June 1, 2022, the postmark date.  *See Burger v. Scott*, 317 F.3d 1133, 1137 (10th Cir. 2003).  The Court received Defendant's motion on June 6, 2022.  Doc. 199.

[4] *See* Rule 11(b) of the Rules Governing Section 2255 Proceedings (Fed. R. App. P. 4(a) governs the time to file an order entered under these rules); *United States v. Pullen*, 285 F. App'x 535, 537 (10th Cir. 2008) (discussing appeal from Rule 60(b) motion seeking relief from order denying § 2255 motion).

Defendant has until July 6, 2022, to file a notice of appeal.  Rule 4(a)(5) authorizes the Court to extend this period of time not to exceed 30 days from the expiration of the time prescribed by Rule 4(a).[5]

Because Defendant moved for an extension before the time prescribed by Rule 4(a) expires, and for good cause shown, the Court extends Defendant's time to file a notice of appeal for 30 days, or up to and including **August 5, 2022**.  The Court notes, however, that because it denied a COA on Defendant's compassionate release motion that was construed and dismissed as an unauthorized second or successive § 2255 motion, he must obtain a COA from the Tenth Circuit Court of Appeals as required by Fed. R. App. P. 22(b) before he may file a notice of appeal on this part of the May 6 Memorandum and Order.[6]

**IT IS SO ORDERED**.

Dated: June 8, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[5] Fed. R. App. P. 4(a)(5)(A)(ii).

[6] *United States v. Haynes*, 827 F. App'x 892, 896 (10th Cir. 2020) (citing *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (applying COA requirement to the dismissal of an unauthorized second or successive § 2255 motion)).