IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 10-20009-JAR |
| MARLO TOOMBS, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter is now before the Court upon Defendant Marlo Toombs' Motion for Return of Cash and Personal Property (Doc. 177), seeking the return of $4,481 in currency and a computer hard drive under Fed. R. Crim. P. 41(g).[1]  The matter is fully briefed and the Court is prepared to rule.  For the reasons explained below, Toombs' motion is denied.

## I.      Background

The facts in this matter do not appear to be in dispute. As part of a drug investigation conducted by the Leavenworth Police Department ("LPD"), a search warrant was executed at a Leavenworth residence on October 26, 2005.[2]  Upon their initial entrance into the residence, the LPD found a grenade and paused the search until their explosives specialist arrived and secured the grenade.[3]  Special Agent Shane Nelson of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") did not arrive at the residence until LPD Sergeant Slusher had removed the grenade from the residence.[4]  Inside the residence, investigators found bags and boxes containing

---

[1] Unless otherwise specified, citations prefaced with "Doc." refer to filings and docket entries in the underlying criminal case, No. 10-20009-JAR.

[2] *United States v. Toombs*, 713 F.3d 1273, 1276–77 (10th Cir. 2013).

[3] Doc. 77 at 133–34.

[4] *United States v. Toombs*, No. 06-20057-CM, Doc. 119 at 60 ("*Toombs I*").

powder cocaine, crack cocaine, marijuana, ecstasy, six handguns, six shotguns, five rifles, a live grenade, a money counter, and almost $14,000 cash.[5]

The search also uncovered substantial indicia that Toombs lived at the residence, including mail, phone bills, documents sent from a mortgage company, a real estate contract, tax records, a checkbook, official court documents, and a current and valid Missouri identification card.[6]

Darci Hamilton, an agent with the Kansas Alcohol and Beverage Control Section ("ABC") of the Department of Revenue, was at the search warrant scene to perform a drug tax assessment on the illegal narcotics that did not have a State of Kansas drug tax stamp affixed to them.[7]  Once the ABC determines the drug tax that is due, it seizes the property to satisfy the tax.[8]  From the residence, the ABC agent seized chrome wheels, appliances, computers and other electronic equipment, televisions, and currency.[9]

Toombs and co-defendant, Arlynda Osborn, were indicted in District of Kansas Case No. 06-20057 on eight drug and firearms offenses, which related to the October 27, 2005 search warrant ("*Toombs I*").[10]  On May 1, 2006, Toombs was arrested by members of the Kansas City, Missouri Police Department ("KCMO PD") after officers found that he was wanted on a federal warrant, three KCMO bench warrants, and was driving on a suspended driver's license.[11]  At the

---

[5] *Toombs*, 713 F.3d at 1277.

[6] *Id.*

[7] *Toombs I*, No. 06-20057-CM, Doc. 117 at 109–112.

[8] Doc. 78 at 100–02.

[9] *Id.*

[10] *Toombs I*, No. 06-20057-CM, Doc. 1.

[11] Doc. 201-6.

time of his arrest, Toombs had $4,481, which was seized by KCMO PD.[12]  According to the KCMO PD report, ATF Special Agent Nelson asked that the currency be held, but the $4,481 was deposited by KCMO PD on May 5, 2006.[13]

Toombs appealed his convictions in *Toombs I*.  The Tenth Circuit found that the Speedy Trial Act had been violated and reversed and remanded for a determination of whether to dismiss the indictment with or without prejudice.[14]  Upon remand, Judge Murguia dismissed Case No. 06-20057 without prejudice.[15]  Toombs was re-indicted on seven drug and firearms charges in this case, No. 10-20009-JAR ("*Toombs II*").  Toombs was convicted on six of the charges and was sentenced to a 30-year term of imprisonment.  On September 23, 2011, the Judgment was amended to include the forfeiture of the grenade, firearms, and ammunition seized during the 2005 search.[16]  Toombs appealed his conviction in the second case, and on April 26, 2013, the Tenth Circuit affirmed.[17]

The $4,481 seized from Toombs when he was arrested on May 1, 2006, never left the custody of the KCMO PD.  According to their records, the department no longer has the money as it was escheated to the State of Missouri.[18]

The government contends that according to Phil Wilkes, drug tax counsel with the Kansas Department of Revenue ("KDOR"), the agency's records reflect that on October 28, 2005, Toombs and Osborn were jointly assessed $221,029.00 for unpaid drug taxes.  Credits to

---

[12] *Id.*

[13] *Id.*; Doc. 201-7.

[14] *United States v. Toombs*, 574 F.3d 1262, 1273–74 (10th Cir. 2009).

[15] The case was reassigned to the undersigned on February 20, 2020.  Doc. 178.

[16] Doc. 71.

[17] *United States v. Toombs*, 713 F.3d 1273 (10th Cir. 2013).

[18] Doc. 201-7.

the $221,029.00 drug tax assessment included $4,733.85 on October 12, 2006, from the sale of

property at an auction; $15,829.00 on March 21, 2006; and $369.72 on August 30, 2005, from a

payment plan that Toombs set up with the ABC.  The remaining unpaid tax was written off by

the state on Kansas in 2017.[19]

## II.    Analysis

Fed. R. Crim. P. 41(g) states:

> A person aggrieved by an unlawful search and seizure of property
> or by the deprivation of property may move for the property's
> return.  The motion must be filed in the district where the property
> was seized.  The court must receive evidence on any factual issue
> necessary to decide the motion.  If it grants the motion, the court
> must return the property to the movant, but may impose reasonable
> conditions to protect access to the property and its use in later
> proceedings.

"A district court should exercise its equitable power to grant relief only if the Rule 41(g) movant

shows 'irreparable harm and an inadequate remedy at law.'"[20]  Toombs seeks relief under Rule

41(g) even though the computer and the currency were seized and disposed of by state agencies.

The Tenth Circuit has noted "there are some limited circumstances" under which Rule

41(g) can be used to seek the return of property seized by state authorities.[21]  Those

circumstances include: "actual federal possession of the property forfeited by the state,

constructive federal possession where the property was considered evidence in the federal

prosecution, or instances where property was seized by state officials acting at the direction of

---

[19] Doc. 201 at 4–5.

[20] *United States v. Soto-Diarte*, 370 F. App'x 886, 887 (10th Cir. 2010) (quoting *United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006)).

[21] *Copeman*, 458 F.3d at 1071.

federal authorities in an agency capacity."[22]  Neither the currency nor the computer falls under these limited circumstances.

First, the $4,481 was seized by state authorities when the KCMO PD stopped Toombs in Missouri while he was driving and arrested him because of a federal warrant, three KCMO bench warrants, and a suspended driver's license.  A Rule 41(g) motion "must be filed in the district where the property was seized."[23]  Because the currency was seized in Missouri, the District of Kansas is not the proper district for Toombs' motion, and his Rule 41(g) motion can be denied on this basis.

Even if venue in Kansas is correct, Toombs is not entitled to relief because the seizure and possession of the currency by KCMO PD would not meet the limited circumstances identified by the Tenth Circuit to confer constructive possession on the United States.  According to the arrest report, the currency was found in the pocket of a pair of jeans located in the front of the vehicle that Toombs was driving on May 1, 2006.  Although ATF Special Agent Nelson asked KCMO PD to hold on to the currency, ATF never took possession of it.  Instead, the currency was deposited by the KCMO PD on May 5, 2006.  Any possible constructive possession by the ATF of the currency by asking KCMO PD to hold on to it ended four days later when it was deposited into KCMO PD coffers.  Moreover, the currency was not used as evidence in either of Toombs' two jury trials.  Thus, Toombs is not entitled to relief under Rule 41(g).[24]

---

[22] Id.

[23] Fed. R. Crim. P. 41(g).

[24] As of the date of the government's response, KCMO PD had not provided information regarding what, if any, Missouri statute(s) caused the currency to escheat to the state.  As noted by the government, however, Missouri law prohibits a state or local law enforcement agency from transferring any property seized by the state or local agency to any federal agency for forfeiture under federal law until the prosecuting attorney and the circuit judge of the county in which the property was seized first review the seizure and approve the transfer to a federal agency, regardless of the identity of the seizing agency.  See Mo. Ann. Stat. § 513.647.  Without this "turnover" order, the

Likewise, the United States never had actual or constructive possession of the computer. The underlying drug trafficking investigation that led to the October 27, 2005 search warrant was a local police investigation conducted by the LPD—the United States was not involved.  It was not until the grenade was discovered that the ATF was called to the scene.  The ABC agent, who was at the scene prior to the ATF, seized the computer pursuant to the agency's drug tax assessment and levy authority under the Kansas Drug Tax Act ("KDTA), K.S.A. § 79-5201 et seq.  The ABC did not direct the ATF agent to seize the computer and the ATF never took possession of it.  Moreover, neither the computer nor any information stored on the computer was introduced into evidence at either of Toombs' jury trials.  Since the United States never had actual or constructive possession of the computer, Toombs' Rule 41(g) motion is also denied with respect to this property.[25]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Marlo Toombs' Rule 41(g) Motion for Return of Cash and Personal Property (Doc. 177) is **denied**.

**IT IS SO ORDERED**.

Dated: August 25, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

KCMO PD could not have transferred custody of the currency to the ATF.  Toombs' argument that the United States had constructive possession of the currency because he was arrested on a federal warrant is thus not supported by any caselaw, statutory authority, or the facts.

[25] The Court further notes that the KDTA has an appeal process for the assessment of drug taxes and the taxpayer also has a six month right of redemption.  *See* K.S.A. §§ 79-5205, 5212. Toombs thus had an adequate remedy under state law and is not entitled to pursue equitable relief under Rule 41(g).  *See United States v. Rhoiney*, No. 02-40014-01-RDR, 2006 WL 3533095, at *2 (D. Kan. Dec. 7, 2006) (denying Rule 41(g) motion on alternative grounds in *Copeman* that the movant had an adequate remedy in the state courts).