## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 10-20009-JAR** |
| **MARLO TOOMBS,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Marlo Toomb's Motion to Reduce Sentence (Doc. 221), which seeks a sentence reduction, or in the alternative, compassionate release under the First Step Act. The motion is fully briefed, and the Court is prepared to rule. For the following reasons, the Court denies the motion.

### I.     Background

This case has a lengthy and protracted procedural history that is set forth in detail in the Court's May 6, 2022 Memorandum and Order denying Defendant's pro se Motion for Relief Pursuant to Fed. R. Civ. P. 60(b) and Motion for Release Under the First Step Act, as amended.[1] The Court incorporates by reference the background set forth in that Order and highlights here the information material to the pending motion.

After a successful appeal, Defendant's original case was remanded and dismissed without prejudice.[2] The Government re-indicted Defendant in this case on seven drug and firearm charges:

---

[1] Doc. 194.

[2] Case No. 06-20057-CM-1.

- Count 1: conspiracy to manufacture and possess with intent to distribute and to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, "crack," under 21 U.S.C. § 846; with reference to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 2.

- Count 2: knowingly and intentionally possessing with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base "crack," in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 2;

- Count 3: knowingly and intentionally possessing with intent to distribute a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 2;

- Count 4: knowingly and intentionally possessing with intent to distribute a mixture and substance containing a detectable amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 2;

- Count 5: knowingly, intentionally and unlawfully using firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c);

- Count 6: being a felon in possession of firearms in violation of 18 U.S.C. §§ 924(g)(1) and 924(a)(2); and

- Count 7: knowingly and unlawfully receiving and possessing a firearm, that is, a remanufactured military style improvised explosive grenade, and which was not registered to him in the National Firearms Registration and Transfer Record, in

violation of 26 U.S.C. §§ 5841, 5861(d), and 5871, with reference to 26 U.S.C.

§ 5845(a) and (f).[3]

On March 3, 2010, the government filed Enhancement Information, providing notice that

it would request increased punishment under 21 U.S.C. § 851 based on Defendant's prior

conviction on July 14, 1999, for possession of cocaine in Leavenworth County, Kansas District

Court.[4]  Defendant was sentenced to 24 months' probation for this state court conviction.[5]

On August 26, 2010, a jury found Defendant guilty on all counts in the Indictment except

the firearm count alleged in Count 5.[6]  On August 30, 2011, then-presiding District Judge Carlos

Murguia sentenced Defendant to a controlling sentence of 30 years' imprisonment.[7]  Defendant

was subject to a mandatory minimum sentence of 20 years' imprisonment on Counts 1 and 2.

This mandatory minimum term would have been 10 years but for the sentencing enhancement

the government filed based on Defendant's 1999 cocaine possession conviction.  Count 3 carried

a statutory maximum term of 30 years' imprisonment.  Counts 4, 6, and 7 carried statutory

maximum terms of 10 years' imprisonment.

For purposes of calculating the advisory Guidelines sentence, the court grouped under

U.S.S.G. § 3D1.2(d) Counts 1, 2, 3, and 4, because the offense level was to be determined

largely on the basis of the total drug quantity involved.  Pursuant to § 3D1.3(b), the court applied

the highest offense level of the counts in the group.  The court separately grouped Counts 6 and 7

since the firearm counts are part of the drug conduct, and applied a two-point specific offense

---

[3] Doc. 1.

[4] Doc. 18.

[5] Doc. 18-1 at 2.

[6] Doc. 44.

[7] Doc. 64.

characteristic to the drug charges since they involved possession of a firearm.  The court attributed to Defendant as relevant conduct 20 kilograms of crack cocaine, which placed his base offense level at 38.  After a 4-level adjustment for being a leader or organizer in the drug conspiracy, and a two-level adjustment for obstruction of justice, Defendant's total offense level was 46, beyond the highest possible offense level under the Guidelines of 43.  The advisory Guidelines range was calculated based on a total offense level of 43 and a criminal history category of II, resulting in life imprisonment.

Judge Murguia imposed a variance below the advisory Guidelines sentence of life imprisonment.  He sentenced Defendant to 30-year terms on Counts 1, 2, and 3, and 10-year terms on Counts 4, 6, and 7, with each count to be served concurrently.[8]  Defendant's conviction was affirmed on direct appeal; he did not directly appeal the sentence.[9]

On July 30, 2014, Defendant filed a pro se Motion to Vacate Sentence under 28 U.S.C. § 2255.[10]  In his motion, Defendant alleged ineffective assistance of counsel against all of his attorneys throughout all stages of his proceedings.[11]  Judge Murguia denied Defendant's motion and his subsequent motions to reconsider.[12]  The Tenth Circuit affirmed.[13]

This case was reassigned to the undersigned on February 20, 2020, after Defendant filed another motion for post-conviction relief pursuant to Fed. R. Civ. P. 60(b)(1), (4) and (6).[14]  While the Rule 60(b) motion was pending, Defendant filed a motion for compassionate release

---

[8] Doc. 71 at 3.

[9] 713 F.3d 1273 (10th Cir. 2013).

[10] Doc. 98.

[11] Docs. 98, 103.

[12] Docs. 119, 145, 151, 154.

[13] 717 F. App'x 796, 799–800 (10th Cir. 2017).

[14] Docs. 168, 178.

under the First Step Act and § 3582(c),[15] which he later amended.[16]  This Court denied

Defendant's motion for relief under Rule 60(b).[17]  In the same Order, the Court construed

Defendant's motion for compassionate release as an unauthorized second or successive § 2255

motion and dismissed it for lack of jurisdiction because the only grounds cited in his motion

were ineffective assistance of counsel and prosecutorial misconduct, arguments that are properly

raised in a § 2255 motion rather than a motion for compassionate release.[18]

On May 18, 2023, counsel Quinn A. Michaels entered an appearance in this matter on

behalf of Defendant and filed the instant motion to reduce sentence based on two different

provisions of the First Step Act: (1) a crack-cocaine reduction under § 404, and (2)

compassionate release.  The Court addresses each provision below.

## II.    Motion to Reduce Sentence Under § 404 of the First Step Act

The First Step Act contains a number of sentencing reform provisions that impact

mandatory minimums, criminal history points, and the "three-strike" mandatory penalty under 18

U.S.C. § 841.[19]  Section 404 of the First Step Act retroactively applies the Fair Sentencing Act of

2010, allowing the court to impose a reduced sentence for certain crack-cocaine offenders

convicted for offenses committed before the effective date of the Act.[20]  Defendant argues that

his sentence should be reduced to time served under § 404 of the First Step Act because, under

its retroactive provisions for crack-cocaine offenders, he would be subject to a much lower

---

[15] Doc. 179.

[16] Doc. 184.

[17] Doc. 194.

[18] *Id.*

[19] *See* Pub. L. No. 115-391, 132 Stat. 5194, §§ 401(c); 402(b); and 403(b).

[20] *See id.* § 404(b) (retroactively applying the Fair Sentencing Act of 2010); *United States v. Gay*, 771 F.3d 681, 684 (10th Cir. 2014) (stating that the Fair Sentencing Act "reduced the statutory penalty disparity between cocaine powder and crack cocaine").

sentence.  The government responds that Defendant already tried and failed to make this
argument in his amended pro se motion for compassionate release last year; therefore, his motion
should be construed as a motion to reconsider and denied for failing to meet the standard for
granting such motions.

The Court will not construe Defendant's motion as a motion to reconsider.  The
government is correct that Defendant presented this argument in his prior pro se motion for
compassionate release, arguing that it was part of the extraordinary and compelling
circumstances that the Court should weigh in favor of granting him relief under that provision of
the First Step Act.[21]  However, he has not previously moved for a sentence reduction under § 404
of the First Step Act, a different provision.  The Court addresses this particular basis for a
sentence reduction for the first time.

"The punishment associated with crack cocaine has changed significantly since
[Defendant's] crime and sentencing."[22]  Congress passed the Fair Sentencing Law in 2010,
which raised "the crack cocaine quantity threshold for the highest statutory penalty (10 years to
life imprisonment) from 50 to 280 grams or more of crack cocaine."[23]  Then, in 2018, Congress
enacted the First Step Act, which made the Fair Sentencing Act's changes to the crack cocaine
penalties retroactive and allowed prisoners to seek relief directly.[24]

Under § 404, the Court "must first determine if the defendant is eligible for relief . . . .
[which] hinges, in pertinent part, on whether the defendant was convicted of a 'covered

---

[21] Doc. 184 at 2.

[22] *United States v. Broadway*, 1 F.4th 1206, 1208 (10th Cir. 2021) (citation omitted).

[23] *Id.* at 1209.

[24] *Id.* (citing First Step Act § 404).

offense.'"[25]  This means that "an offender must have been convicted of and sentenced for (1) a violation of a federal criminal statute, (2) the penalties for which were modified by section 2 or 3 of the 2010 [Fair Sentencing Act], and (3) that was committed prior to August 3, 2010."[26]

Here, Defendant was convicted in Count 1 for conspiracy to manufacture and possess with intent to distribute and to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, "crack," under 21 U.S.C. § 846, and in Count 2 for knowingly and intentionally possessing with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base "crack," in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and 18 U.S.C. § 2.  Both of these offenses are "covered" under the First Step Act because Defendant was sentenced for violation of a federal statute, the penalties were modified by section 2 of the Fair Sentencing Act, and the acts giving rise to the convictions on these counts took place before August 3, 2010, the effective date of the Fair Sentencing Act.[27] Congress lowered the mandatory minimum penalties for those offenses in the Fair Sentencing Act by changing the weight that triggered the 10-year mandatory minimum penalty from 50 grams to 280 grams.

Having determined that Defendant was convicted of covered offenses, the Court turns to whether Defendant is entitled to relief.[28]  This requires the Court to consider the effect of the Fair

---

[25] *United States v. Gladney*, 44 F.4th 1253, 1260 (10th Cir. 2022) (citing *United States v. Crooks*, 997 F.3d 1273, 1278 (10th Cir. 2021)).

[26] *United States v. Mannie*, 971 F.3d 1145, 1152 (10th Cir. 2020).

[27] Defendant makes the conclusory assertion that Count 3 is a covered offense.  It is not.  Count 3 charged Defendant with possession with intent to distribute a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2.  Under § 841(b)(1)(C), this offense carried a statutory maximum term of thirty years and no mandatory minimum.  It was not modified by sections 2 or 3 of the 2010 Fair Sentencing Act.

[28] *Gladney*, 44 F.4th at 1260.

Sentencing Act on Defendant's sentence if it had been in effect when he committed the crimes.[29]

And, it generally "requires the district court to 'correctly calculate the defendant's revised

Guidelines range prior to exercising its discretion to grant or deny relief.'"[30]  The Court finds

that because Defendant's Guidelines calculation involved grouping together covered and non-

covered offenses, under the Tenth Circuit's decisions in *United States v. Gladney* and *United*

*States v. Mannie*, the Court lacks constitutional jurisdiction over Defendant's § 404 motion.

Even though the Court has statutory jurisdiction to consider Defendant's motion to

reduce sentence under § 404, the motion "must also fall within the scope of the court's

constitutional jurisdiction" under Article III.[31]  If a sentence cannot be modified by the First Step

Act, it does not present a live controversy.[32]  In *Mannie*, the defendant moved for relief under §

404, arguing  "that the First Step Act effectively authorized, and the sentencing package doctrine

all but required, a district court to reduce the sentence for a non-covered offense if that sentence

was the result of the district court originally grouping covered and non-covered offenses for

purposes of Guidelines calculations."[33]  The court rejected this argument, explaining:

> Where, as here, an offender has been sentenced concurrently, the
> court can only redress the ongoing incarceration to the extent that
> some portion of the incarceration is solely dependent on the
> sentence of the crack cocaine offense that might be reduced under
> the 2018 [First Step Act].  Put simply, if reducing an offender's
> sentence under the 2018 [First Step Act] does not have the effect of
> actually reducing the offender's length of incarceration, then the
> court cannot redress the offender's injury under the 2018 [First
> Step Act].  If the court cannot redress the offender's injury, then

---

[29] *Broadway*, 1 F.4th at 1210.

[30] *Gladney*, 44 F.4th at 1260 (quoting *United States v. Burris*, 29 F.4th 1232, 1235 (10th Cir. 2022)).

[31] *Mannie*, 971 F.3d at 1152.

[32] *Id.* at 1153

[33] *Gladney*, 44 F.4th at 1262 (discussing *Mannie*, 971 F.3d at 1153).

the offender does not have standing, a live controversy is not
present, and the court does not have jurisdiction.[34]

In this case, the only impact of the First Step Act on Defendant's sentence would be to
reduce the mandatory minimum sentence on the crack-cocaine offenses.  Defendant's Guidelines
calculation far exceeded the mandatory minimums that applied in this case, resulting in an
advisory Guidelines term of life imprisonment.  The covered offenses in Counts 1 and 2 were
grouped with Counts 3 and 4, non-covered offenses, and the sentence was based largely on what
the Presentence Investigation Report characterized as a drug quantity calculated "in a light most
advantageous to the defendant."[35]  For all four counts, Defendant was attributed with 20
kilograms of cocaine base, which was based on trial testimony (1) that he purchased kilogram
quantities of cocaine twice weekly for ten months, equating to a minimum of 40 kilograms of
cocaine hydrochloride during this time frame, (2) that the "majority" of this was converted to
cocaine base, and (3) that Defendant "cooked" daily.[36]  At sentencing, Judge Murguia found this
trial testimony credible, and determined that the 20-kilogram quantity was supported by a
preponderance of the evidence.[37]

The Guidelines calculation did not include additional quantities of cocaine base, cocaine
hydrochloride, and marijuana located during the search of Defendant's residence because he was
already well over the highest base offense level when considering the trial testimony alone.
Even though this drug quantity, along with the specific offense adjustments, dictated an advisory

---

[34] *Mannie*, 971 F.3d at 1153.

[35] Doc. 18 ¶ 59.

[36] *Id.*

[37] Doc. 83 at 14:21–16:4.

Guidelines range of life imprisonment, Judge Murguia imposed a below-Guidelines sentence of concurrent 30-year terms on each of Counts 1, 2, and 3.

The First Step Act prohibits this Court "from reducing the sentence on a non-covered offense, even if . . . the covered and non-covered offenses were grouped together under the Sentencing Guidelines and the covered offense effectively controlled the sentence for the non-covered offense."[38]  This is exactly the situation in this case.  In addition to the two eligible counts for which he was sentenced to 30-year terms of imprisonment, Defendant was sentenced to a 30-year concurrent term on Count 3, and to 10-year concurrent terms on each of Counts 4, 6, and 7.  Under the Guidelines, Defendant's covered offenses were grouped with non-covered offenses for purposes of determining the drug quantity that would be attributed to Defendant. Even though the 20-kilogram-quantity of cocaine base effectively controlled the drug quantity calculation for this group of offenses, under *Mannie* and *Gladney*, the First Step Act offers Defendant no relief—any relief on the covered offenses "would not actually reduce the length of [his] incarceration."[39]  Since the Court cannot redress Defendant's injury, he lacks constitutional standing to move for a reduction of his sentence under § 404 of the First Step Act, and this motion must be dismissed for lack of jurisdiction.

## III.   Motion for Compassionate Release

Defendant also moves again for compassionate release.  Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[40] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal

---

[38] *Gladney*, 44 F.4th at 1262.

[39] *Id.* at 1263 (quoting *Mannie*, 971 F.3d at 1154).  The Court notes that there is a circuit split on this issue. *See id.* at 1262 n.5.

[40] Pub. L. No. 115-391, 132 Stat. 5194.

a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[41]  The Court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[42]  If the Court grants the motion, however, it must address all three steps.[43]

### A.      Exhaustion

Section 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule that the government may waive or forfeit.[44]  Here, the government does not contest that Defendant has met the exhaustion requirement.  The Court thus considers this argument waived and proceeds to the merits.

### B.      Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant a sentence reduction" before it may grant a § 3582(c)(1)(A) motion.  The court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[45]  While that authority "is bounded by the requirement . . . that a reduction in sentence

---

[41] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[42] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[43] *McGee*, 992 F.3d at 1043 (citation omitted).

[44] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[45] *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021).

be consistent with applicable policy statements issued by the Sentencing Commission," the Sentencing Commission has not yet issued a policy statement "applicable" to § 3582(c)(1)(A) motions filed by a defendant.[46]  Thus, § 3582(c)(1)(A)'s consistency requirement does not currently constrain the court's discretion to consider whether extraordinary and compelling reasons warrant a sentence reduction.[47]  This does not, however, "create an open season for resentencing."[48]

Defendant points to two extraordinary and compelling reasons for compassionate release: (1) under current law, the § 851 enhancement would not apply because the predicate offense is not a serious drug felony and he did not serve a sentence of more than twelve months;[49] and (2) if he was sentenced today, his term would be much lower based on a lower drug quantity calculation.

In other words, Defendant maintains that the Court should consider how he would be sentenced today under non-retroactive changes to the law, and argues that these changes constitute extraordinary and compelling circumstances.  "Combined with other factors, [the Tenth Circuit has] approved such arguments for compassionate release when a prisoner would have been sentenced differently because Congress later made the relevant sentencing provisions

---

[46] *Id.* at 832, 836–37.

[47] *Id.* at 837.

[48] *Hald*, 8 F.4th at 938 n.4.

[49] Under the First Step Act, the new benchmark for a § 851 enhancement is if the offense qualifies as a "serious drug felony."  *See* 21 U.S.C. §§ 841(b)(1)(A) ("If any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment of not less than 15 years and not more than life imprisonment."), 802(57) (defining "serious drug felony.").  Defendant's 1999 cocaine possession conviction would not have qualified as a serious drug felony under the new law.

more lenient."[50]  But the Tenth Circuit has rejected the use of compassionate release based on alleged errors in a defendant's sentence, holding that

> [w]hen a federal prisoner asserts a claim that, if true, would mean "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, the prisoner is bringing a claim governed by § 2255.  He cannot avoid this rule by insisting he requests relief purely as an exercise of discretion rather than entitlement.[51]

As the Tenth Circuit instructs, a motion must be considered a pleading under § 2255 if it "asserts or reasserts a federal basis for relief" from the movant's conviction and sentence.[52] Here, Defendant's only basis for claiming extraordinary and compelling circumstances is that his term of custody would be lower if he was sentenced for the same convictions today.  He does not argue that any other factors contribute.  Under these circumstances, the Tenth Circuit counsels that that "regardless of how a movant characterizes a post-judgment motion, it must be treated as a § 2255 motion if it 'asserts or reasserts a federal basis for relief' from the movant's conviction or sentence."[53]  The District of Kansas cases relied on by Defendant in his brief are inapposite. Those cases either involve sentencing changes considered under the § 3553(a) factors, or

---

[50] *United States v. Robinson*, No. 21-7065, 2023 WL 5607511, at *3 (10th Cir. Aug. 30, 2023) (citing *Maumau*, 993 F.3d at 824).

[51] *United States v. Wesley*, 60 F.4th 1277, 1288 (10th Cir. 2023) (quoting 28 U.S.C. § 2255(a)); *see Martinez v. United States*, No. 22-cv-407, 2023 WL 2308261, at *2 (D.N.M., Mar. 1, 2023) (first citing *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999), and then citing *Wesley*, 60 F.4th at 1277) ("Habeas and compassionate release are distinct forms of relief.  The former authorizes the court to vacate an unlawful sentence, whereas the latter only permits the district court to reduce it. . . The exclusive remedy to test the validity of a judgment and sentence is a habeas petition under 28 U.S.C. § 2255.  And a compassionate release motion may not be based on claims specifically governed by § 2255.").

[52] *United States v. Sears*, 836 F. App'x 697, 699 (10th Cir. 2021).

[53] *Id.* at 699 (quoting *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (per curiam)).

considered in addition to other permissible factors such as age and health as extraordinary and compelling circumstances.[54]  They all predate the Tenth Circuit's decision in *Wesley*.

This is not Defendant's first motion brought under § 2255.  "[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading."[55]  "To allow a petition to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255."[56]  "In particular, 'Congress was surely aware that defendants might wish to raise subsequent claims based upon changes in the applicable law, and narrowly circumscribed the allowable claims through § 2255(h).'"[57]

Applying these standards, the Court once again concludes that Defendant's motion for compassionate release is a second or successive § 2255 and that it must be dismissed for lack of jurisdiction.[58]  The Court could transfer the motion to the Tenth Circuit for a determination of whether Defendant should be allowed to proceed,[59] but concludes that in this case transfer would not be appropriate because he cannot satisfy either of the requirements of § 2255(h).[60]

---

[54] *See United States v. Smith*, No. 12-20066-31-KHV, 2021 WL 619673, at *4 (D. Kan. Feb. 17, 2021) (finding extraordinary and compelling circumstances based on the defendant's health conditions and considering the defendant's current ineligibility for a § 851 sentencing enhancement under the § 3553(a) component of the compassionate release framework); *United States v. Nichols*, No. 02-40098-JAR, 2020 WL 6134467, at *3–4 (D. Kan. Oct. 19, 2020) (same); *United States v. Steele*, No. 10-20037-01-JWL, 2021 WL 2711176, at *2 (D. Kan. July 1, 2021) (considering retroactive sentencing changes in addition to other '"unique circumstances' . . . that, in combination, constitute extraordinary and compelling reasons for a reduction.").

[55] *Id.* (quoting *Nelson*, 465 F.3d at 1148).

[56] *Id.*

[57] *Id.* (quoting *United States v. Wetzel-Sanders*, 805 F.3d 1266, 1268 (10th Cir. 2015)).

[58] *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (absent authorization from circuit court, a district court lacks jurisdiction to address the merits of a second or successive § 2255).

[59] *Id.* at 1252.

[60] Under 28 U.S.C. § 2255(h), a second or successive motion must be certified by the court of appeals to contain:

Therefore, rather than transfer Defendant's successive § 2255 motion to the Tenth Circuit for authorization, the Court shall dismiss for lack of jurisdiction.

Rule 11(a) of the Rules Governing Section 2255 Proceedings requires this Court to issue or deny a certificate of appealability when it enters a final order adverse to a defendant.[61]  To obtain a certificate of appealability, defendant must show both "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[62]  Defendant cannot make the required showing.  Accordingly, a certificate of appealability is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Marlo Toomb's Motion to Reduce Sentence (Doc. 221) is **dismissed for lack of jurisdiction**.  Defendant is also denied a certificate of appealability.

**IT IS SO ORDERED.**

Dated: October 26, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

[61] *See also United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) ("[T]he district court's dismissal of an unauthorized § 2255 motion is a 'final order in a proceeding under section 2255' such that [28 U.S.C.] § 2253 requires [defendant] to obtain a [certificate of appealability] before he . . . may appeal.").

[62] *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).