THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MARLO TOOMBS,

    Defendant.

Case No. 10-20009-JAR

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Marlo Toombs' Third Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 231), filed by and through Kylie P. Mank. The motion is fully briefed. The government does not oppose the motion and in fact concedes that Defendant has established extraordinary and compelling reasons for compassionate release and that a sentence reduction would not run afoul of the factors under Section 3553(a). As described more fully below, the Court grants Defendant's motion for immediate compassionate release and sentences Defendant to time served.

I.    **Background**[1]

On August 26, 2010, a jury convicted Defendant of the following: one count of conspiracy to distribute crack cocaine bearing a mandatory minimum of 20 years and a maximum of life in prison; one count possession with intent to distribute crack cocaine bearing a mandatory minimum of 20 years and a maximum of life in prison; one count possession with intent to distribute cocaine bearing a maximum penalty of 30 years; one count possession with

---

[1] As noted in the Court's October 26, 2023 Memorandum and Order, "[t]his case has a lengthy and protracted procedural history that is set forth in detail in the Court's May 6, 2022 Memorandum and Order." Doc. 228 at 1; *see* Doc. 194.

intent to distribute marijuana bearing a maximum penalty of 10 years; one count felon in possession of firearm bearing a maximum penalty of 10 years; and one count possession of unregistered firearm count bearing a maximum penalty of 10 years.  The aforementioned penalties were enhanced pursuant to an Enhancement Information under 21 U.S.C. § 851 filed by the government.  The jury acquitted Defendant of one count of using a firearm during and in relation of a drug trafficking crime.

At sentencing, Defendant was held responsible for 20 kilograms of cocaine base, resulting in a base offense level of 38.  He received a two-level enhancement for possession of a firearm, a four-level enhancement for role in the offense, and a two-level adjustment for obstruction of justice, resulting in a total offense level of 46, beyond the highest possible offense level under the guidelines of 43.  The advisory guidelines range was calculated based on a total offense level of 43 and a criminal history category of II, resulting in life imprisonment.

The Court imposed a downward variance, based on the acquitted conduct, and on August 30, 2011, imposed a sentence of 30 years on Counts 1–3, and 10 years on the remaining counts of conviction, all running concurrently, for a total controlling sentence of 30 years.[2]  The Tenth Circuit affirmed Defendant's conviction on April 26, 2013.  Defendant has been in custody since 2010 and has fully served the 10-year sentence imposed on the lesser counts of conviction.

Post-conviction, Defendant sought relief in various *pro se* motions for sentencing reduction or compassionate release, which were denied.[3]

---

[2] Defendant was sentenced by Judge Carlos Murguia. This case was reassigned to the undersigned judge on February 20, 2020.

[3] Defendant filed a pro se Motion to Vacate Sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel, which Judge Murguia denied along with his subsequent motions to reconsider.  Docs. 119, 151, 154.  Defendant's motion for sentence reduction based on Amendment 782 was denied because a two-level reduction in the base offense level did not render a sentence outside the advisory guideline range as amended. Doc. 121.  His subsequent motion to amend judgment was dismissed in part and denied in part as an unauthorized second or successive § 2255 motion. Doc. 145.  Defendant subsequently filed a motion to reduce sentence under the First Step Act, which he amended to also seek compassionate release.  This Court denied the motion to reduce sentence as

Defendant is presently incarcerated at FCI Yazoo City Low II with a projected release date of March 12, 2031.

**II.   Discussion**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions.' One such exception is contained in § 3582(c)(1)."[4] Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[5] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Before reducing a term of imprisonment under the compassionate release provision, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[6] The Court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[7] If the Court grants the motion, however, it must address all three steps.[8]

---

an unauthorized second or successive § 2255 motion since the grounds were prosecutorial misconduct and ineffective assistance of counsel. Doc. 194. And in May of 2023, Defendant filed a motion to reduce sentence under the First Step Act, which this Court dismissed for lack of jurisdiction, or alternatively for compassionate release, which the Court construed as another unauthorized §2255 motion. Doc. 228.

[4] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (alteration in original) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[5] Pub. L. No. 115-391, 132 Stat. 5194.

[6] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[7] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[8] *McGee*, 992 F.3d at 1043 (quoting *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)).

### A. Exhaustion

Exhaustion under § 3582(c)(1)(A) is a mandatory claim-processing rule that the Court must enforce when the government invokes it.[9] Here, the government concedes that Defendant has properly exhausted his claim. The Court thus proceeds to the merits.

### B. Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant a sentence reduction" before it may grant the motion. The court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[10] That authority "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission."[11] Before November 1, 2023, the Sentencing Commission had not issued a policy statement "applicable" to § 3582(c)(1)(A) motions filed by a defendant.[12] Thus, § 3582(c)(1)(A)'s consistency requirement did not constrain the Court's discretion to consider whether extraordinary and compelling reasons warranted a sentence reduction.[13]

On November 1, 2023, a new Sentencing Commission policy statement became effective that is "plainly applicable to motions for sentence reduction filed by either the Director of the Bureau of Prisons or a defendant."[14] The policy statement lists grounds that constitute extraordinary and compelling circumstances and provides additional guidance for courts. The listed grounds are medical circumstances, age, family circumstances, whether the defendant was

---

[9] *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[10] *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021).

[11] *Id.*

[12] *See id.*

[13] *Id.* at 836–37.

[14] *United States v. Bradley*, 97 F.4th 1214, 1217 at n.1 (10th Cir. 2024).

a victim of abuse while in custody, "other reasons," and whether the defendant served an "unusually long sentence" where there has been a change in law.[15] The Sentencing Commission "considered but specifically rejected a requirement that 'other reasons' be similar in nature and consequence to the specified reasons."[16] Rather, the catch-all provision allows the Court to consider any circumstances which are similar "in gravity" to the listed categories.[17]

Under the policy statement, an "unusually long sentence" may form the basis of extraordinary and compelling circumstances as follows:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.[18]

Defendant argues that he is serving an unusually long sentence, and where there have been sentencing reforms that have modified minimum and maximum drug penalties, altered the § 851 enhancement, largely eliminated the crack-powder cocaine disparity, and lowered drug guidelines. The government concedes as much. The government further concedes that if sentenced today, Defendant's guideline range would be 210 to 262 months, and that a time-served sentence would be warranted given that Defendant has served approximately 225 months, or approximately 18 years and 9 months of his 30 year sentence.

---

[15] U.S.S.G. § 1B1.13(b).

[16] U.S. Sent. Comm'n, Supp. to Appx. C, Amend. 814, Reasons for Amendment, at 207.

[17] *Id.*; U.S.S.G. § 1B1.13(b)(5).

[18] U.S.S.G. § 1B1.13(b)(6).

Indeed, the following changes in the law would reduce Defendant's guideline range to 210 to 262 months. First, the First Step Act narrowed and reduced mandatory minimum sentences for certain drug offenses that would have previously been enhanced pursuant to § 851.[19] Defendant would no longer be eligible for § 851 enhancements that doubled his mandatory minimums on Counts 1 and 2 because his prior conviction was not a "serious drug felony" as defined by the First Step Act. This Court has found these changes to the § 851 scheme may constitute an extraordinary and compelling reason for relief.[20]

Further, after Defendant was sentenced, the disproportionate impact of the 100:1 crack-powder disparity was addressed through the Fair Sentencing Act of 2010. And through the First Step Act in 2018, Congress authorized courts to impose a reduced sentence for defendants serving sentences for certain crack cocaine offenses. This Court was unable to grant Defendant relief when he previously sought a reduction. For though Counts 1 and 2 were covered by the First Step Act, they were grouped with Count 3, which was not covered by the First Step Act. Thus, the 30-year sentence for Count 3 still controlled.

Furthermore, after Defendant was sentenced, Amendment 782 lowered base offense levels for nearly all drug-related offenses by two levels. Even if the crack-powder cocaine disparity were not corrected, Defendant's base offense level would have been lowered from 38 to 36.

In short, the cumulative effect of these changes, would reduce Defendant's guideline range to 210 to 262 months, which is substantially less than his 30-year sentence. This constitutes an extraordinary and compelling reason to grant relief.

---

[19] THE UNITED STATES SENTENCING COMMISSION, THE FIRST STEP ACT OF 2018: ONE YEAR OF IMPLEMENTATION 13 (Aug. 31, 2020).

[20] *See United States v. Price*, No. 2:10-CR-20134-JAR, 2022 WL 278766 (D. Kan. Jan. 31, 2022).

C.     **Section 3553 Factors**

Since the Court finds that Defendant has shown an extraordinary and compelling reason for compassionate release in this case, the Court must further consider whether the § 3553 factors warrant a reduction in sentence. Those factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; (4) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[21]  "[T]he facts allegedly establishing extraordinary and compelling reasons for release . . . . are relevant to the § 3553(a) analysis."[22]

While the Court takes all § 3553 factors into account, those most pertinent to Defendant's case are the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, the need to provide adequate deterrence, and the need to protect the public. With respect to the need for the sentence imposed to reflect the seriousness of the offense, the Court notes that Defendant has served almost 19 years of his 30-year sentence, more than the low end of the 210 to 262 month guideline range he would be exposed to were he sentenced today. Further, given Defendant's individual circumstances, the Court easily concludes that the almost 19 years he has served to date provide adequate specific deterrence, as well as general deterrence to others.

---

[21] 18 U.S.C. § 3553(a).

[22] *United States v. Bradley*, 97 F.4th 1214, 1218 (10th Cir. 2024) (quoting *United States v. Hald*, 8 F.4th 932, 943 (10th Cir. 2021)).

The Court is most swayed by the history and characteristics of Defendant. He was 33 years old when he was taken into custody, he is 52 years old now and has demonstrated significant post-offense rehabilitation. Attached to Defendant's motion are numerous documents chronicling his journey to educate and improve himself while in prison. He is a survivor of unimaginable abuse, trauma and suffering during childhood, his intellect and stellar educational record cast aside as he struggled to survive and support himself outside of a broken, unhealthy and unsupportive family system. Today he has completed numerous classes, has maintained employment as a law library clerk, a quality assurance technician, and an orderly. He has earned more than 600 days of good time credit with an almost perfect disciplinary record. He is respected and admired by other inmates and prison staff.

Defendant has submitted a release plan evidencing that he has considerable family support from his children and extended family as well as community support, including the support of a local minister, case manager, and long-time friend.

The years that Defendant has served have been more than sufficient to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime and protect the public. A sentence of time-served is a just sentence in this case, sufficient and not greater than necessary. The Court thus grants Defendant's motion for compassionate release — reducing his custodial sentence to time served.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's motion for compassionate release (Doc. 231) is **granted.** Defendant's controlling sentence is reduced from 30 years to time served.

**IT IS FURTHER ORDERED BY THE COURT** that there being a verified residence and an appropriate release plan in place, this Order is stayed for up to 14 days to make

appropriate travel arrangements and to ensure Defendant's safe release. Defendant shall be released as soon as appropriate travel arrangements have been made and it is safe for him to travel. There shall be no delay in ensuring travel arrangements are made. If more than 14 days are needed to make appropriate travel arrangements to ensure Defendant's safe release, then the parties shall immediately notify the Court and show cause why the stay should be extended.

**IT IS SO ORDERED.**

Dated: February 20, 2025

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE